## ELLA BATES *vs.* DR. KING COMPANY.

Norfolk.    January 9, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

### *Negligence.*

In an action of tort against a dentist for alleged negligence in treating and cleansing the plaintiff's teeth so that she became infected with syphilis there was evidence that the disease could be communicated by the contact of syphilitic virus on an instrument with a cut on a person's body, that the defendant in cleansing the plaintiff's teeth used a revolving circular metal disk and cut the plaintiff's mouth in three places, that two or three weeks afterwards syphilitic sores began to form at the points where the cuts were made, that before this time there was no sign of the disease in the plaintiff or her husband, and that the disease was communicated to her in some way connected with the operation upon her teeth. There also was evidence that to prevent inoculation it is the habit of dentists to disinfect their instruments by boiling water or otherwise, and that the defendant was in the habit of using such means of disinfection. *Held,* that the questions, whether the plaintiff was inoculated with the disease by contact with the instruments used by the defendant, and whether this result was attributable to a want of proper care on his part in regard to the cleanliness of the instruments, were for the jury.

TORT against a corporation, organized under the laws of the State of Maine, for the alleged negligence of one Mudge, a registered dentist, one of the employees of the defendant, in treating and cleansing the plaintiff's teeth, so that she became infected with syphilis. Writ dated November 10, 1903.

At the trial in the Superior Court *Hardy*, J. ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*A. F. Flint*, for the plaintiff.

*C. W. Noyes*, for the defendant.

HAMMOND, J. The evidence tended to show that the plaintiff was afflicted with syphilis; that it is a contagious disease; that, although the usual way in which it is communicated is by sexual intercourse, it can be communicated in other ways, as for example where a syphilitic sore on a hand or finger, or an instrument, or other object on which there is syphilitic virus, comes in contact with a sore or cut on a person's body; that the dentist who operated upon the plaintiff used a metal brush,[*] and, in cleansing her teeth while using it, " he made three cuts, one on the left side of her mouth, one on the left side of her tongue, about an inch from the front of it, and one about the middle of her mouth at the junction of the lower lip and gum, these cuts causing considerable blood to flow"; and that two or three weeks afterwards syphilitic sores began to form at the points where the cuts were made. The evidence tended further to show that there was no sign of the disease upon her husband, and up to the time of this occurrence she had been free from it. There was also evidence tending to show that if the brush or the scraper used by the dentist had had any syphilitic virus upon it the disease might have been communicated to her; and further, that in some way connected with the operation upon her teeth the disease was communicated to her.

The evidence also showed that to prevent the inoculation of their patients it is the habit of dentists to disinfect by boiling water or otherwise their instruments, and there was testimony that the defendant was in the habit of using such means of dis-

---

[*] This was a circular metal disk about one inch in diameter fitted to a handle, which was attached to a wheel machine operated by foot power, which made the brush revolve.

infection. But the extent and thoroughness with which this was done by the defendant was for the jury.

Without reciting further the evidence in detail, we are constrained to say that the questions whether the plaintiff was inoculated with the disease by means of contact with the implements used by the dentist in cleaning her teeth, and whether this result is attributable to the want of proper care on the part of the defendant as to the cleanliness of the implements, are upon the evidence questions for the jury.

*Exceptions sustained.*