MELVINA DRAKES *vs.* GEORGE L. TULLOCH.

Suffolk.    January 21, 1915. — February 25, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence*, Of dentist. *Pleading, Civil*, Variance.

Where, at the trial of an action by a woman against a dentist for injuries alleged to have been caused by the plaintiff being infected with syphilis from dental instruments used by an employee of the defendant in treating her without the instruments having been sterilized properly before such use, there is evidence tending to show that before being treated the plaintiff was free from the disease, and that during an operation on her teeth by the defendant's employee she became infected with it; and, although there is evidence that it was the practice of the defendant to have all instruments used in his office sterilized by boiling and in other ways, there is no evidence as to what was done to sterilize the instruments used on the day when the plaintiff became infected, a verdict for the plaintiff is warranted. Following *Bates* v. *Dr. King Co.* 191 Mass. 585.

If it is alleged in the declaration in an action of tort by a woman against a dentist that the "defendant by his servants and agents conducted himself in and about treating plaintiff's teeth so unskilfully, recklessly, negligently and unprofessionally, that . . . the instruments or appliances which defendant used in treating her teeth were unclean and unfit for use, and by reason of the contact thereof with plaintiff's mouth she was infected with syphilis," and if upon the evidence at the trial the jury find that the plaintiff was treated at the defendant's office by an employee of the defendant, that she then became infected with syphilis, not through negligence of the defendant's employee who treated her, but through negligence of some person employed by the defendant whose duty it was to clean and sterilize the instruments used in treating her, there is no variance between the declaration and the proof.

Tort for personal injuries alleged to have been caused by the plaintiff becoming infected with syphilis when being treated in the defendant's dental offices. Writ dated April 14, 1913.

The second count of the declaration, which was the only count submitted to the jury, was as follows:

"And the plaintiff says that on or about the period from the middle of January to and including the seventh day of February, 1910, she employed defendant to attend her and to treat her teeth, defendant claiming to be a dentist, and claiming great skill in his profession; that defendant in consideration of the reward paid him by plaintiff, promised and undertook to faithfully, skilfully and carefully treat her said teeth; that in violation of his said duty and promises, defendant by his servants and agents conducted himself in and about treating plaintiff's teeth so unskilfully, recklessly, negligently and unprofessionally, that, without any fault on her part and while she was in the exercise of due care, the instruments or appliances which defendant used in treating her teeth were unclean and unfit for use, and by reason of the contact thereof with plaintiff's mouth she was infected with syphilis, whereby she was greatly injured in her health and constitution, and made to suffer great pain of mind and body, and from the time said injury occurred has been in bad health, has been injured in her capacity to labor, has required medical attendance and treatment and will need the same for a long time to come, has been forced to pay out large sums for medicines and has been subjected to great expense and great humiliation and mental anguish, and is permanently injured, all to her great damage."

The case was tried in the Superior Court before *Stevens,* J. The material facts and the findings of the jury in answer to special

questions submitted to them are stated in the opinion. At the close of the evidence, the defendant asked the judge to rule that upon all the evidence and the pleadings the plaintiff was not entitled to recover. The ruling was refused. The jury found for the plaintiff in the sum of $2,500; and the defendant alleged exceptions.

*E. I. Taylor,* for the defendant.

*J. F. Neal,* (*C. H. Johnson* with him,) for the plaintiff.

CROSBY, J. This is an action of tort to recover damages for the alleged negligence of the defendant. The plaintiff went to the defendant's office in January and February, 1910, and there had some dental work done by the assistants of the defendant. The evidence tended to show that the plaintiff's last visit to the defendant's office was on the morning of February 7, 1910, on which date a gold crown was fitted for her by Dr. Webber, an employee of the defendant; that in fitting the crown an instrument was used which cut her gum so that it bled, and about three weeks afterward sores appeared in her mouth, one of them being at the point where the gum was cut. There was evidence from which it could have been found that she then was suffering from syphilis, a contagious disease, and that this disease can be communicated in various ways, including infection by the use of dental instruments, if there is syphilitic virus on the instruments and it comes in contact with any cut in the mouth or other part of the body.

The undisputed evidence showed that it was the practice among dentists to sterilize their instruments by boiling, or by other ways, before they are used.

The jury, in answer to special questions submitted to them, found that Dr. Webber was in the defendant's employ in February, 1910, and that the plaintiff was not infected with syphilis through negligence of Dr. Webber, and that she was infected with syphilis through the negligence of some person employed by the defendant, whose duty it was to clean and sterilize Dr. Webber's dental instruments during the night.

There was evidence that the plaintiff had been free from this disease before her visits to the defendant's office, and that she became infected by reason of the operation on her teeth.

While the defendant offered evidence that it was his practice to have the instruments used in his office sterilized by boiling and in other ways, it does not appear what, if anything, had been done

to sterilize the instruments immediately before the morning of February 7, 1910.

We are of opinion that a verdict could not have been directed for the defendant, but that the questions whether the plaintiff contracted the disease in the defendant's office, and if so, whether it was due to the negligence of the defendant in failing to use clean and suitable instruments, were upon the evidence questions properly submitted to the jury.

The case at bar is very similar to that of *Bates* v. *Dr. King Co.* 191 Mass. 585, and is governed by it.

The second count of the declaration was broad enough to cover a finding that the plaintiff was infected by reason of the negligence of some person in the employ of the defendant, whose duty it was to clean and sterilize the instruments used; there was no variance between the declaration and the proof.

As the only exception argued is to the refusal of the court to rule that upon all the evidence and pleadings the plaintiff is not entitled to recover, the other exceptions may be treated as waived.                                    *Exceptions overruled.*