## BERTIE TOY *vs.* ALBERT I. MACKINTOSH.

Suffolk.   November 19, 1915. — January 10, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Of dentist.   *Evidence,* Presumptions and burden of proof, Matters of common knowledge.

At the trial of an action against a dentist for personal injuries alleged to have been caused by negligence of the defendant in allowing a tooth to fall into the plaintiff's throat during an operation for the extraction of several teeth while the plaintiff was under an anæsthetic, the evidence tended merely to show that before the operation the plaintiff was in good health, that soon afterwards he had a cough accompanied by a severe pain in his side, that later he became dizzy and felt a numbness in his right arm and leg and was affected by partial loss of speech, which condition, except as to the speech, continued for months, that nine weeks after the operation he coughed up a tooth and that "his coughing was relieved immediately thereafter." The plaintiff offered no dental or medical evidence, nor any further evidence to show "whether the symptoms which it appeared he had were or could have been caused by the tooth." Expert evidence introduced by the defendant was to the effect that the plaintiff's condition was not caused by the tooth.  *Held,* that the defendant's expert evidence, although uncontradicted, need not be believed, and that the jury could not be instructed that on the evidence their verdict must be for the defendant.

At the trial above described a ruling requested by the defendant, that there was "no evidence justifying the jury in finding that the plaintiff's loss of speech, weakened condition of body, partial paralysis and inability to work were in any way caused by the inhaling of his tooth," should have been given, the determination of that question not being a matter of common knowledge and there being no affirmative evidence to establish the causal connection.

At the same trial it was held to have been improper for the presiding judge to allow the jury to determine whether the physical ailments from which they found that the plaintiff suffered after the operation and his then present condition were due to the inhaling of the tooth.

CROSBY, J.  This is an action to recover damages for the alleged negligence of the defendant in allowing a tooth to fall into the plaintiff's throat during an operation performed on January 7, 1913, for the extraction of several teeth by the defendant which was performed while the plaintiff was under an anæsthetic. The plaintiff contended that the tooth which fell into his throat ultimately lodged in his lung.  There was evidence* to show that

* There was a trial on February 19, 1915, before *Dana,* J., and a verdict for the plaintiff in the sum of $2,700. The defendant alleged exceptions.

the plaintiff was in good health before the teeth were extracted and that soon afterwards he had a cough accompanied by a severe pain in his side; that later he became dizzy and felt a numbness in his right arm and leg and was affected by partial loss of speech, and that this condition continued up to the time of the trial except that the condition of his speech had slightly improved.

It appeared that nine weeks after the operation the plaintiff coughed up a tooth which he produced in evidence. He testified that "his coughing was relieved immediately thereafter."

The record recites that the plaintiff offered no dental or medical evidence, nor any further evidence to show "whether the symptoms which it appeared he had were or could have been caused by the tooth."

The defendant's evidence tended to show that he was a dentist of experience and skill. He also offered expert testimony to show that under the conditions attending the extraction of the plaintiff's teeth, it was not carelessness on his part if a tooth was inhaled by the plaintiff during the operation, but was entirely consistent with due care. Four medical experts called by the defendant testified that in their opinion the plaintiff had two shocks soon after his teeth were extracted; that the symptoms from that time on were consistent with hemiplegia; and that the tooth, wherever it had lodged during the nine weeks, had nothing to do with his condition.

1. The jury properly could not have been instructed that upon the evidence their verdict must be for the defendant. Accordingly the defendant's first request was refused rightly. The jury were not obliged to believe the expert testimony, offered by the defendant, that to allow the tooth to fall into the plaintiff's throat was consistent with due care, although such testimony was not contradicted. *Lindenbaum v. New York, New Haven, & Hartford Railroad,* 197 Mass. 314, 323. We are of opinion that the question whether the defendant was negligent in permitting the tooth to be inhaled by the plaintiff when he was in an unconscious condition was for the jury.

2. The defendant's second request was that "There is no evidence justifying the jury in finding that the plaintiff's loss of speech, weakened condition of body, partial paralysis and ina-

bility to work were in any way caused by the inhaling of his tooth."

We are of opinion that this instruction, in substance at least, should have been given. The connection between the negligent act of the defendant and the plaintiff's condition afterwards was necessary to be established by a fair preponderance of the evidence in order that he might recover. The burden of proof rested upon the plaintiff to show by competent evidence that his condition after the negligent act of the defendant, if that was established, was the effect in part at least of such negligence. Whether such causal connection existed depended upon proof and could not be left to conjecture or speculation. *Lane* v. *Atlantic Works,* 111 Mass. 136, 140. The burden was upon the plaintiff to satisfy the jury that the illness and disabilities from which he has suffered since he was operated upon by the defendant were caused either wholly or in part by the defendant's negligence. Whether these diseases and disabilities could have been the result of inhaling a tooth was not a matter of common knowledge and observation but depended upon affirmative proof. The jury were not bound to believe the expert evidence coming from the defendant's witnesses that the tooth had nothing to do with the plaintiff's condition afterwards; and while this testimony could have been disregarded, still proof was wanting to support the contention that hemiplegia, aphasia, and the plaintiff's weakened condition and inability to work were due to the inhaling of the tooth. In the absence of such evidence, the jury were not warranted in finding that the tooth caused the disabilities with which the plaintiff afterwards was afflicted and for that reason we think that the defendant's second request in substance should have been given. *Conley* v. *United Drug Co.* 218 Mass. 238, 241. *Sullivan* v. *Old Colony Street Railway,* 197 Mass. 512. *Williams* v. *Citizens' Electric Street Railway,* 184 Mass. 437. *McGarrahan* v. *New York, New Haven, & Hartford Railroad,* 171 Mass. 211, 219.

Under the instructions of the presiding judge the jury were allowed to determine whether the physical ailments from which they found the plaintiff suffered after the operation, and his present condition, were due to the inhaling of the tooth.

We are of opinion that this instruction was wrong, and that the jury were not justified in finding that the plaintiff's condition after

the operation was due to the alleged negligence of the defendant in the absence of any proof to that effect.

It follows that the entry must be

*Exceptions sustained.*

*H. T. Richardson,* for the defendant.

*J. W. Connelly,* (*H. M. Pakulski* with him,) for the plaintiff.