<hr/>

## FRANCIS J. TRAVERSE *vs.* ABNER T. WING.

Middlesex.      January 21, 1926. — June 4, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence*, Of dentist.    *Evidence*, Inference.    *Practice, Civil*, Exceptions, Ordering verdict.

An exception by a plaintiff to the exclusion of testimony sought in answer to questions asked by him of a witness called by him will not be sustained where, in answer to questions asked by the defendant in cross-examination of the witness, the plaintiff had the full benefit of the testimony he sought to introduce.

At the trial of an action against a dentist for personal injuries alleged to have resulted from use by the defendant of an unsterilized instrument or unsterile novocaine in the removal of a tooth, there was evidence that at the time of the removal of the tooth the plaintiff was in good health excepting for a tooth ache; that no pus then was in evidence; and, from testimony of doctors who attended him from a period three days after the tooth was extracted, that X-ray pictures of his jaws showed no infection; that there was nothing about the socket or the place where the tooth was extracted that in any way indicated infection; that the upper and lower jaws were normal so far as the teeth on that side were concerned; that his sufferings were due to an infection of the jaw, the cause of which they did not know but which in their opinion could and did result from the use of an unsterilized needle or unsterile novocaine, unless the tooth itself was infected. *Held,* that there was evidence warranting an inference, not based on conjecture, that the injury to the plaintiff was caused by negligence of the defendant in one of the particulars specified.

At the close of the evidence at a trial of an action of tort, the judge denied a motion that a verdict be ordered for the defendant. The jury being unable to agree, the judge, before accepting their report, revoked his former order denying the defendant's motion and allowed it and by his order a verdict for the defendant was ordered. The plaintiff alleged exceptions. *Held,* that the procedure adopted was proper, the judge's power to direct a verdict remaining until a report of the jury was accepted.

TORT for personal injuries alleged to have resulted from negligence of a dentist. Writ dated April 30, 1923.

In the Superior Court, the action was tried before *Hammond,* J. The plaintiff excepted to the exclusion of hypothetical questions asked by him of a qualified expert. On cross-examination the witness gave substantially the answer which the plaintiff had stated he expected him to give to the questions which had been excluded in direct examination.

Other material evidence and proceedings in the Superior Court are described in the opinion. The plaintiff alleged exceptions.

*W. W. Clarke,* for the plaintiff.

*R. H. Wiswall,* for the defendant.

WAIT, J. This is an action against a dentist for damages alleged to be due to negligence in the use of an unsterilized instrument or of unsterile novocaine in the removal of a tooth.

At the trial the judge refused to order a verdict for the defendant; but after the jury had been unable to agree upon a verdict and before its report had been accepted, he revoked his former order and directed a verdict for the defendant which was thereupon entered.

The plaintiff saved exceptions to this proceeding and order as well as to two rulings made during the trial excluding certain questions to expert witnesses. The case is before us upon these exceptions.

The plaintiff was not prejudiced by the rulings upon evidence. Everything which the plaintiff then sought to introduce in evidence and which was then excluded was later received in evidence. Even if the questions were proper and the testimony competent, as we deem them to have been, the plaintiff was not injured. He has had the full benefit of the testimony. *Commonwealth* v. *Sinclair,* 195 Mass. 100.

The serious question is, whether the order directing a verdict for the defendant was proper. The burden was upon the plaintiff to show negligence in the using of unsterile novocaine or an unsterilized needle. No other ground of negligence was open under the pleadings and specifications.

The only evidence of negligence was an inference from what

had happened to the plaintiff. Such inference would not be sufficient to sustain the burden unless it passed beyond the limits of conjecture. *Saxe* v. *Walworth Manuf. Co.* 191 Mass. 338. *Ash* v. *Childs Dining Hall Co.* 231 Mass. 86, 89. *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345.

The defendant contends that it did not pass those limits. If all the evidence is believed, the defendant is right. It shows merely that the removal of the tooth was followed or accompanied by an infection which could have arisen from many causes other than unsterile novocaine or an infected needle; and in all probability did arise from some other cause. But there was evidence which, if it stood alone, would support a finding that the cause was as the plaintiff alleged, although it did not require such a finding. The doctors who attended him from a period three days after the tooth was extracted, testified that X-ray pictures of his jaws showed no infection; that there was nothing about the socket or the place where the tooth was extracted that in any way indicated infection; that the upper and lower jaws were normal so far as the teeth on that side were concerned; that his sufferings were due to an infection of the jaw, the cause of which they did not know but which in their opinion could and did result from the use of an unsterilized needle or unsterile novocaine, unless the tooth itself was infected. The plaintiff testified that he was in good health, except for the toothache, when the injections were made; that pain followed and continued immediately upon the injections at the place of the injection in the cheek; that he saw and examined the tooth on its removal and that there was no pus upon it. The defendant did not deny that the tooth was free from pus, nor did he testify that he found any infection at the time of extraction.

The evidence is not so strong as in the cases of *Bates* v. *Dr. King Co.* 191 Mass. 585, and *Drakes* v. *Tulloch*, 220 Mass. 256, where there were infections which could not have come from bacteria in the mouths of the patients, while here the infection might well have arisen from bacteria already present in the plaintiff's mouth or jaw. It is stronger than in the cases of *Toy* v. *Mackintosh*, 222 Mass.

430, and *Cross* v. *Albee*, 250 Mass. 170, where the evidence of negligence did not rise beyond conjecture. Although the question is close to the line, we think there was evidence for the jury to pass upon, and that the judge's original ruling was the sound one.

There is nothing in the exception to the procedure in directing a verdict. Until the report of the jury was accepted, the judge had power to direct a verdict. *Byrne* v. *Boston Elevated Railway*, 198 Mass. 444, 451.

The order directing a verdict was error.

*Exceptions sustained.*