RUBY GOODE *vs.* OLIVER A. LOTHROP.

Middlesex.    December 10, 1928. — March 25, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Of surgeon. *Physician and Surgeon.*

At the trial of an action of tort against a surgeon for negligence in performing an operation on the plaintiff's nose, there was evidence for the plaintiff that, several weeks after the operation, a splinter of bone

was discharged from an incision then made to allow the discharge of pus from the wound, and that the defendant at that time said to the plaintiff that the splinter was the cause of the trouble which the plaintiff had had since the operation and that he had failed to remove it from the wound.  The defendant and other physicians testified that, in the natural course of such an operation, splinters of bone would be created; that it was impossible to remove all such particles of bone; and that no surgeon could be sure he had removed all of them although he made every effort to do so.  *Held,* that

(1) The alleged statement by the defendant to the plaintiff did not constitute evidence of negligence on the part of the defendant;

(2) Even if the testimony by the defendant and the other physicians were disbelieved, there was no evidence of negligence and the plaintiff could not recover.

TORT.  Writ dated August 30, 1923.

Material evidence at the trial in the Superior Court before *Dubuque,* J., is stated in the opinion.  The jury found for the plaintiff in the sum of $383.33.  In accordance with leave previously reserved under G. L. c. 231, § 120, the judge ordered the entry of a verdict for the defendant and reported the action for determination by this court, a verdict to be entered for the plaintiff if the action should have been submitted to the jury; otherwise judgment to be entered for the defendant.

*J. J. Donahue,* for the plaintiff.

*M. J. Mulkern,* for the defendant.

WAIT, J.  The plaintiff sues to recover for malpractice in an operation for removing a hump from her nose and shortening the nose.  The only negligence asserted is the failure of the operating surgeon to remove, at the time of the operation, a splinter of bone which was discharged weeks afterwards from an incision made to relieve a discharge of pus coming from the wound.

There was evidence that, in the natural course of the performance of such an operation, splinters of bone would be created which might remain in the wound owing to the inability of the operating surgeon to come upon them.  There was further evidence that, after the operation, by a natural process of necrosis splinters of bone might become separated from bones cut into or affected by the operation.  There was testimony, contradicted by the defendant, that, when

the particle of bone came out from the nose, he stated that that was the cause of the trouble which had been going on since the operation; that he had suspected it; that it was a particle which he had failed to remove from the wound. Nothing in this statement admits that such failure to discover and remove the bone was negligent. Testimony from other physicians, and from the defendant himself, was to the effect that it was impossible to obtain all particles which might be made in the course of the operation; although every effort was made to remove all, no one could be sure that he had done so. This testimony, if believed, established lack of negligence. If disbelieved, the case of the plaintiff was left without any direct evidence of negligence, or any evidence of fact from which negligence could justly be inferred.

The case differs from those in which there has been some specific act which could be found to be negligence on the part of a physician or surgeon in introducing some septic matter into the body of a patient, as in *Traverse* v. *Wing*, 256 Mass. 320, and *Toy* v. *Mackintosh*, 222 Mass. 430. The burden was on the plaintiff to show acts of negligence, or acts from which negligence could properly be inferred. This she has failed to do. The judge was right in ordering the entry of a verdict for the defendant. In accord with the terms of the report, judgment is to enter for the defendant.

*So ordered.*