ELLA ERNEN *vs.* JAMES B. CROFWELL.

Suffolk. May 13, 1930. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Of dentist. *Practice, Civil,* Exceptions.

At the trial of an action of tort against a dentist, there was evidence for the plaintiff that he assented to the defendant's extracting one of his teeth; that the defendant administered novocaine with a needle; that the plaintiff suffered intense pain when the defendant started to

pull the tooth out; that the defendant continued to work; that, the pain becoming worse, he stopped work and gave the plaintiff aspirin to take during the night if the pain were severe; that the defendant did not tell the plaintiff that the needle had broken off in his jaw; that the plaintiff's mouth and face became swollen; that he immediately had his mouth examined by another dentist, who found and removed from his jaw a piece of the needle five eighths of an inch long and completed the extraction of the tooth; that such needles frequently broke despite the most careful use of them; and that usually, upon their breaking, patients were informed thereof and the broken needle removed surgically. *Held,* that, although the mere breaking of the needle was not evidence of negligence, the failure by the defendant to remove it or to inform the plaintiff of its presence in his jaw so that he could have it removed warranted a finding of negligence on the part of the defendant.

A bill of exceptions, presented to this court by the plaintiff after the ordering of a verdict for the defendant at the close of the evidence for the plaintiff at the trial of the action above described, set forth the testimony of the plaintiff's witnesses in question and answer form, including testimony bearing on the plaintiff's damages; and included no statement that it contained all the evidence material to the issue before this court. *Held,* that

(1) This court must assume that the bill of exceptions contained all the material evidence;

(2) A contention by the defendant, that the bill of exceptions should be dismissed because of its form, was without merit.

Tort or contract. Writ dated May 11, 1927.

Material evidence for the plaintiff at the trial in the Superior Court before *Raymond,* J., is stated in the opinion. The defendant rested at the close of the plaintiff's evidence and the judge ordered a verdict for the defendant. The plaintiff alleged an exception. The bill of exceptions, which was allowed by *Whiting,* J., after the death of *Raymond,* J., set forth the testimony of witnesses for the plaintiff in question and answer form, including testimony relating to the plaintiff's damages. There was no statement therein that it contained all the evidence material to the issue before this court.

*E. Sullivan,* for the plaintiff.

*J. M. Cunningham,* (*H. W. Babb* with him,) for the defendant.

Crosby, J. This is an action of tort or contract against a dentist to recover damages alleged to have resulted from his negligence. The defendant rested at the close of the

plaintiff's evidence and filed a motion for a directed verdict, which was granted subject to the plaintiff's exception.

The plaintiff, on February 23, 1927, accompanied by her sister went to the defendant's office to have some dental work done. The defendant filled a cavity in one of her teeth and cleaned them. He then proceeded to remove the first molar in the lower right jaw. He had told her it should be extracted and she assented to have it taken out. She asked him to administer gas, but as he did not give gas and suggested the use of novocaine, she told him to use his own judgment and to go ahead. The plaintiff testified that she knew he inserted the novocaine with a needle and she did not mind the pricking sensation due to the injection of the novocaine, but when he started to extract the tooth the pain was so intense that she screamed; that her sister came into the room and the doctor continued to work and the pain was worse than before; that she shrieked again, and he stopped work and closed the windows and doors; that her sister came in again, and she got out of the chair; that the doctor gave her a package of aspirin and told her to take it if the pain was very severe during the night. Both the plaintiff and her sister testified that the defendant did not tell either of them up to the time they left his office that the needle had been broken off in the plaintiff's gum or jaw.

There was evidence that after she left the defendant's office and arrived at her home, a short distance away, her face had swollen on the right side from her ear down to her neck; that her head was turned sideways, and she could not open her mouth. She further testified that after she arrived home she tried to lie down but could not do so, her face and glands on the right side were swollen and very stiff, and after a few minutes she went to the Tufts Medical School where two dentists looked at her mouth and gums and Dr. Norton was sent for; that he took her in his machine to his office and there examined her mouth and gums and took an X-ray picture which he showed her; that she saw the needle in the picture; that Dr. Norton then removed the needle from her gum and jaw and extracted what remained of the tooth. She further testified that the doctor showed her the needle

he had removed, which, according to her judgment, was five eighths of an inch long. Dr. Norton testified that he took three stitches in her jaw; that he afterwards removed the stitches.

There was evidence that up to the time the plaintiff went to the office of the defendant and was treated by him she had enjoyed good health and weighed one hundred forty-two pounds; that thereafter she was ill for several months and at the expiration of three months she weighed one hundred twelve pounds. There was medical and other evidence from which the jury could have found that her health had been impaired by the negligence of the defendant. Dr. Norton on cross-examination stated that needles when used by surgeons or dentists break frequently — no way had been devised to avoid such breaking — and that they were sometimes broken when used with extreme care; that when a needle is broken it is surgically removed and usually the patient is informed about it. It is plain that the mere breaking of the needle inserted in the plaintiff's jaw was not evidence of negligence. We are of opinion, however, that the jury would have been warranted in finding that, if the defendant had exercised that degree of skill and care reasonably to be expected that he possessed, he would have discovered that the needle had been broken; and that he should either have removed the part remaining in the plaintiff's jaw or have informed her of its presence there so that she could have had it removed. He was bound to possess and exercise the skill and diligence of dentists in the locality where he practised. *Small* v. *Howard,* 128 Mass. 131. *Bates* v. *Dr. King Co.* 191 Mass. 585, 587. *Drakes* v. *Tulloch,* 220 Mass. 256, 259. *Toy* v. *Mackintosh,* 222 Mass. 430, 431. *Carey* v. *Mercer,* 239 Mass. 599. *Traverse* v. *Wing,* 256 Mass. 320, 322. We are unable to say as matter of law that the failure of the defendant to remove the needle or to inform the plaintiff that it had been broken and that a portion of it remained in her jaw was not negligence on his part. Upon this record that question should have been left to the determination of the jury.

The contention of the defendant that the bill of exceptions

should be dismissed for the reason that the testimony is set forth by question and answer and is not in narrative form, and for other reasons, cannot be sustained. We must assume that the exceptions contain all the material evidence. The trial judge having deceased after the trial, the exceptions were allowed by another judge of the Superior Court.

As a verdict could not have been properly directed for the defendant, the entry must be

*Exceptions sustained.*