ALFRED GABRUNAS *vs.* FRANCIS G. MINITER.

Suffolk. November 7, 1933. — January 2, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Of physician. *Evidence,* Opinion: expert; Presumptions and burden of proof.

Evidence, at the trial of an action of tort against an ear specialist prac-
tising in Boston, that a bean got into the ear of the plaintiff, a pa-
tient of the defendant; that the defendant examined his ear for the
purpose of removing the bean; and that the defendant saw the bean
in the canal of the ear outside the drum, but did not remove it, there
being nothing, other than testimony by him that he did not discover
the bean, to show why he did not remove it, warranted a finding that
he did not exercise the care and skill required of him in the circum-
stances, although there was no expert medical testimony that he did
not do so.

TORT. Writ dated June 12, 1929.

The action was tried in the Superior Court before *Bishop,*
J. Material evidence is stated in the opinion. The judge
ordered a verdict for the defendant. The plaintiff alleged
an exception.

In his brief, the defendant conceded that the relationship
of patient and physician existed between the parties, that
"In consequence of that relationship the law placed the
defendant under a duty to possess and exercise such rea-
sonable skill and diligence as members of his profession and
specialty commonly possessed and exercised in his com-
munity under corresponding conditions" and that "there
are admittedly instances where a jury instructed by com-
mon knowledge and experience may without aid of expert
medical opinion evidence determine whether the conduct
of a physician toward a patient is violative of that special
duty which the law imposes as a consequence of the par-
ticular relationship"; but contended that the case at bar
was not such an instance and that "the question whether
the failure to remove the bean constituted a breach of the

special duty which the defendant owed to the plaintiff in the circumstances is obviously a medical question upon which a layman would not be qualified to pass unless aided by competent expert medical opinion evidence."

E. M. Shanley, for the plaintiff.

J. N. Clark, (C. F. Hartnett with him,) for the defendant.

FIELD, J. This action (described in the bill of exceptions as an "action of tort") was brought by a patient — a minor — against a physician. The declaration is in two counts alleged to be for the same cause of action. The first count, apparently in contract, alleges a contract by the defendant to "carefully and skilfully remove a bean from the ear of the plaintiff," and a breach thereof. The second count, in tort, after alleging a relationship of patient and physician between the plaintiff and the defendant, alleges that the defendant "so carelessly and negligently operated on the plaintiff that he failed to remove said bean from the ear of the plaintiff." A verdict for the defendant was directed and the plaintiff excepted.

The direction of a verdict was error.

That the relationship of patient and physician existed between the plaintiff and defendant is conceded by the defendant. But there is no basis in the evidence for finding an express or implied contract by the defendant to remove the bean. The plaintiff, therefore, cannot recover on the first count of the declaration and further discussion of this count is unnecessary.

But the evidence warranted a finding for the plaintiff on the second count of the declaration based on negligence. The only negligence of the defendant alleged is negligence in operating on the plaintiff so that he failed to remove the bean from the plaintiff's ear. See *Traverse* v. *Wing*, 256 Mass. 320, 321. This defendant, according to his own testimony, had specialized in ear and throat cases in Boston for over fifteen years. Consequently he owed the plaintiff the duty to have and use in the operation the care and skill commonly possessed and exercised by similar specialists in like circumstances. 21 R. C. L. 387. Cases collected, note, 59 Am. L. R. 1071. See *Small* v. *Howard*, 128 Mass. 131.

There was no evidence that the defendant did not possess the required care and skill. Whether, in operating on the plaintiff and failing to remove a bean from his ear, the defendant did not exercise such care and skill is the issue raised by the pleadings and the evidence. There was no direct medical testimony that he did not. Such a finding, if made, would have to be reached by way of inference by the jury from the circumstances shown by the evidence. Whether the common experience and knowledge of a jury of laymen warranted such an inference is the question of law for our determination. Expert medical testimony is not always essential to proof of negligence or other malpractice of a physician. See *Toy* v. *Mackintosh*, 222 Mass. 430, 431; *Ernen* v. *Crofwell*, 272 Mass. 172, 175; *Laughlin* v. *Christensen*, 1 Fed. Rep. (2d) 215, 217. See also *Marangian* v. *Apelian*, 286 Mass. 429, 436.

There was evidence that the plaintiff put a bean in his ear, and on the evening of the same day was taken to a hospital where, after an unsuccessful attempt by a house officer to remove the bean, the defendant administered ether to the plaintiff for the purpose of examining the plaintiff's ear and removing the bean if found, and that the defendant "went into the . . . [plaintiff's] ear for that purpose" but did not remove the bean. The defendant testified that he could look into the ear as far as the drum, a distance of about one and one eighth inches, but no farther, that he "did not discover the bean," and that if it was in the ear it was behind the drum, but "If it was there at all" he could not see it. No other reason was suggested by the testimony of the defendant, or any other witness, for his failure to remove the bean. There was, however, evidence, which need not be recited in detail, from which it could be found that the bean was in the plaintiff's ear. Furthermore there was testimony that the defendant at the time of his examination of the plaintiff's ear told the plaintiff that he saw the bean, and that it ought to be removed, and told the plaintiff's cousin who accompanied the plaintiff to the hospital that he saw the bean and would remove it.

The jury could have found on the evidence that the

defendant, when examining the plaintiff's ear, saw the bean in the canal outside the drum but did not remove it. And we think that the jury from the evidence of the circumstances and their common experience and knowledge, in the absence of some other explanation (see *Navien* v. *Cohen*, 268 Mass. 427, 431, and cases cited), could have found that the defendant in failing to remove the bean failed to exercise the care and skill required of him as an ear specialist.   See *Toy* v. *Mackintosh*, 222 Mass. 430, 431.

*Exceptions sustained.*