IDA MALONE *vs.* A. F. BIANCHI.

Middlesex. March 5, 1945. — May 3, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Negligence,* Dentist. *Evidence,* Presumptions and burden of proof. *Practice, Civil,* Stipulation.

Notwithstanding that there was no expert testimony, evidence, that after an extraction of teeth by a dentist the patient suffered pain and other trouble in his chest for a considerable period, during which no further dental work was done on him, that at the end of that period he coughed up a tooth, whereupon the trouble in his chest cleared up,

and that X-rays taken during that period disclosed the presence of a tooth in his bronchus, warranted a finding that its presence there was due to negligence of the dentist in the extraction.

A stipulation, entered into by the parties on the judge's suggestion at a time when he had decided to direct a verdict for the defendant in an action for personal injuries, to the effect that the case should be submitted to the jury on the issue of damages only and that the parties "agreed . . . to accept any figure given by the jury as the judgment to be entered for the plaintiff in case the issue of liability should have been submitted to the jury," might properly be discharged by the judge in his discretion as improvidently made in view of the amount of damages assessed by the jury.

TORT. Writ in the Superior Court dated November 25, 1941.

The action was tried before *Greenhalge*, J.

*G. W. Boland*, (*M. A. Kerwin* with him,) for the plaintiff.

*A. R. Kingston*, (*C. J. Muldoon, Jr.*, with him,) for the defendant.

SPALDING, J. The plaintiff brings this action of tort against the defendant, a dentist, to recover for his alleged negligence in permitting a tooth to fall down her throat while he was extracting some of her teeth. The questions for decision are whether the judge erred in directing a verdict for the defendant and in discharging a stipulation entered into by the parties.

These facts could have been found: The plaintiff, aged thirty-six, on April 5, 1940, consulted the defendant at a hospital in Somerville for the purpose of having her teeth examined. After an examination the defendant advised her that she ought "to have quite a few teeth out." She agreed to this and to the administration of gas and ether. The defendant thereupon extracted sixteen of the plaintiff's teeth. When the plaintiff "came out of the ether" she was nauseated and bled profusely. Upon returning to her home she went to bed, where she remained for several days. She had a bad cough, suffered "a lot of pain in the chest," and had difficulty in breathing deeply. The pain in her chest was constant and was unlike anything she had ever experienced. Early in May, at the advice of her physician, the plaintiff went to a hospital for an examina-

tion and the taking of X-rays. For the next fifteen months the plaintiff's chest was sore and she "suffered dry coughing spells and raising of blood." During this period she continued to go to the hospital for examination, treatment and the taking of X-rays.

On or about July 18, 1941, slightly more than fifteen months after her teeth were extracted by the defendant, the plaintiff during a coughing spell disgorged a tooth. Thereafter the plaintiff's health immediately improved and the pain in her chest cleared up. The plaintiff informed the doctor who had been treating her at the hospital of the fact that she had coughed up a tooth, and further study was made of the X-rays which had previously been taken. The X-ray record, which was in evidence at the trial, under date of August 1, 1941, contained the following notation: "Review of the previous films shows that the tooth fragment was in the left lower bronchus." No dental work was done on the plaintiff's mouth between the date of the extractions and July, 1941. The defendant rested at the close of the plaintiff's case and presented a motion for a directed verdict, which was allowed subject to the plaintiff's exception.

1. We think that this was error. The case at bar is governed by *Toy* v. *Mackintosh*, 222 Mass. 430, where on facts very similar to those here it was held that the plaintiff was entitled to go to the jury. The jury were warranted in finding that one of the plaintiff's teeth became lodged in her bronchus and that it got there through the negligence of the defendant while operating on her. This is not a case where a finding of negligence must rest on mere conjecture. *Bates* v. *Dr. King Co.* 191 Mass. 585. *Drakes* v. *Tulloch,* 220 Mass. 256. *Traverse* v. *Wing,* 256 Mass. 320. *Butler* v. *Layton,* 266 Mass. 117. *Langis* v. *Danforth,* 308 Mass. 508. We have not overlooked the fact that the plaintiff offered no expert evidence on the issue of the defendant's negligence. Ordinarily a jury are not permitted without the aid of expert evidence to determine whether the conduct of a dentist or physician is a breach of the duty owed to a patient. *Bouffard* v. *Canby,* 292

Mass. 305, 309. *Vartanian* v. *Berman*, 311 Mass. 249. But, although exceptional, the facts in a malpractice case may be such that jurymen out of their common knowledge and experience are able to pass on this question. *Gabrunas* v. *Miniter*, 289 Mass. 20, 22, 23. *Ernen* v. *Crofwell*, 272 Mass. 172. *Toy* v. *Mackintosh*, 222 Mass. 430, 431. See *Tallon* v. *Spellman*, 302 Mass. 179, 183. See also cases collected in note 141 Am. L. R. 5, 12, et seq. We think that the case at bar comes within this class.

2. The judge did not err in discharging the stipulation. The circumstances in which this occurred were these: At the time when the judge had decided to direct a verdict for the defendant, he suggested to counsel that if they agreed he would submit the case to the jury on the question of damages only. Counsel with the approval of their clients thereupon stated in open court that "both parties agreed to the submission of the case on damages only . . . and to accept any figure given by the jury as the judgment to be entered for the plaintiff in case the issue of liability should have been submitted to the jury." The case was then submitted to the jury pursuant to the stipulation, and damages were assessed in the sum of $3,500. The defendant made a motion for a new trial on damages only and the plaintiff moved to expunge this motion. The judge in denying both motions filed the following memorandum: "I am satisfied, however, that the stipulation contained in the record and referred to in the motion of the plaintiff to strike defendant's motion from the record does not tend to the doing of justice, in that I believe it [*sic*] to be excessive, and as a matter of discretion I vacate it so that the action may stand for a new trial if I was in error in directing a verdict."

The plaintiff excepted to the denial of her motion to expunge and to the action of the judge in vacating the stipulation. There is no merit in these exceptions. While ordinarily the parties are bound by stipulations that they make. (*Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442, 445, 446; *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 51), it is well settled that the trial court or this court in

order to accomplish justice may discharge stipulations improvidently made. *Mitchell* v. *Walton Lunch Co.* 305 Mass. 76, 80. *Capano* v. *Melchionno,* 297 Mass. 1, 15. *Symmes Arlington Hospital, Inc.* v. *Arlington,* 292 Mass. 162, 165. *Paper Trucking Co.* v. *Russo,* 281 Mass. 209. *Mann* v. *United Motor Boston Co.* 226 Mass. 495, 498, 499.

*Exceptions sustained.*