KAREN ANN BRODERICK & another *vs.* RAYMOND W. GIBBS. May 7, 1973. This is an action of tort brought by the minor plaintiff (the plaintiff) against a general surgeon for malpractice; the plaintiff's father seeks consequential damages. There was no error in directing verdicts for the defendant. The only point argued is that the defendant was negligent in making his original diagnosis. There was nothing to suggest that the defendant did not use his best judgment in making that diagnosis. See *Riggs* v. *Christie,* 342 Mass. 402, 405-406; *Barrette* v. *Hight,* 353 Mass. 268, 275-276. Whether the X-rays taken prior to the removal of the plaintiff's cast (when viewed in the light of the defendant's clinical observations) were adequate to permit a proper diagnosis was not within the field of common knowledge possessed by a jury. See *Haggerty* v. *McCarthy,* 344 Mass. 136, 139-142. Cf. *Toy* v. *Mackintosh,* 222 Mass. 430, 431-432; *Guell* v. *Tenney,* 262 Mass. 54, 55; *Ernen* v. *Crofwell,* 272 Mass. 172, 175; *Marangian* v. *Apelian,* 286 Mass. 429, 436-437; *Gabrunas* v. *Miniter,* 289 Mass. 20, 21-23; *Malone* v. *Bianchi,* 318 Mass. 179, 181-182; *Delaney* v. *Rosenthall,* 347 Mass. 143, 147. The fact that the plaintiff's expert and the defendant differed in their evaluations of those X-rays did not establish that the defendant was negligent. Possible disbelief of the defendant's testimony as to good medical practice (*Brune* v. *Belinkoff,* 354 Mass. 102, 109) could not fill the void left by the absence of expert evidence of bad medical practice. *O'Connell* v. *Esso Standard Oil Co.* 337 Mass. 639, 642, and cases cited.

*Exceptions overruled.*

*James F. Freeley, Jr.,* for the plaintiffs.
*Robert S. Conley (Jacob J. Locke* with him) for the defendant.