NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1059

EDWARD FARLEY

vs.

BOSTON MEDICAL CENTER & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this medical malpractice action, the plaintiff, proceeding pro se, asserted that the defendants negligently performed a plastic surgery on the plaintiff and committed unfair and deceptive practices in violation of G. L. c. 93A. A Superior Court judge allowed motions to dismiss the c. 93A claim against the defendants, Boston Medical Center (BMC) and the Spiegel Center, and the negligence claim against the BMC. The judge later granted the Spiegel Center's motion for summary judgment on the remaining negligence claim because the plaintiff failed to offer expert testimony in support thereof. We affirm.

---

[1] The Spiegel Center.

Background.[2]  Dr. Jeffrey Spiegel, an employee of the

Spiegel Center, performed a cosmetic surgery on the plaintiff,

Edward Farley, on June 1, 2017, at the BMC.  The plaintiff

sought to narrow his jaw and chin and shave his "Adam's apple."

The plaintiff's preoperative note, produced by the BMC, listed

his surgery as a "reconstructive facial feminization" procedure.

The postoperative note stated the plaintiff gave his informed

consent before the operation.  The surgery removed cartilage

from the plaintiff's Adam's apple, contoured the angle of his

mandible, and softened his jaw line.

After the surgery, the plaintiff was not pleased with the

results and sent an e-mail message to Dr. Spiegel and a member

of his staff with his complaints.  Dr. Spiegel replied that the

surgery was performed correctly and according to the plaintiff's

wishes, and that everything appeared to be healing properly.  In

a further e-mail message, the plaintiff demanded an explanation

for why the surgery was labeled as a feminization surgery.

The plaintiff filed the current action against the

defendants, alleging negligence against the Spiegel Center

---

[2] The plaintiff did not include complete copies of the essential pleadings and dispositive orders in his appendix.  "It is the obligation of the appellant[] to include in the appendix" those documents "which are essential for review of the issues raised on appeal."  Shawmut Community Bank, N.A. v. Zagami, 30 Mass. App. Ct. 371, 372-373 (1991).  See also Mass. R. A. P. 18, as appearing in 481 Mass. 1637 (2019).  Our review is thus limited to the record provided by the plaintiff.

(count 1) and the BMC (count 2), as well as unfair and deceptive practices in violation of G. L. c. 93A against both defendants (count 3).  The BMC moved to dismiss for failure to state a claim.  A Superior Court judge allowed the BMC's motion as to all claims against the BMC.  The judge also allowed the Spiegel Center's motion as to the c. 93A claim.  The c. 93A claim against both parties was dismissed because medical malpractice could not serve as the basis for an unfair and deceptive business practice.  After completing discovery, the Spiegel Center moved for summary judgment on the remaining negligence count based on the plaintiff's failure to produce an expert to establish the applicable standard of care and subsequent breach of that standard.  The judge allowed the motion.  The plaintiff timely appealed.

Discussion.  On appeal, the plaintiff argues the dismissals were improper.  First, the plaintiff argues the judge erred in dismissing the negligence claim against the BMC because it owed a duty to the plaintiff by providing facilities for the plaintiff's surgery.  Second, the plaintiff argues the judge erred in dismissing his c. 93A claim against both defendants because the claim was based on dishonest and deceptive advertising by the defendants, and not on medical malpractice. Finally, the plaintiff argues the judge erred in allowing summary judgement for the Spiegel Center on the negligence claim

3

because the plaintiff was not required to produce an expert where the evidence spoke for itself and thus the doctrine of res ipsa loquitur created a presumption of negligence.

1. Motion to dismiss negligence claim against BMC. We review the allowance of a motion to dismiss de novo. Cubberley v. Commerce Ins. Co., 495 Mass. 289, 292 (2025). To survive at the motion to dismiss phase, the plaintiff's complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief, and "must be enough to raise a right to relief above the speculative level." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).

Here, the plaintiff alleged first that the BMC nursing staff deviated from the "Universal Protocol"[3] by failing to confirm the proper title for his surgery, and second that the BMC was liable for the acts of Dr. Spiegel because he performed the surgery at BMC's facilities.

Accepting the facts alleged in the plaintiff's complaint, he has failed to state a claim which would entitle him to relief from the BMC. First, "[t]o prevail on a claim of medical

_____

[3] The plaintiff is referring to the Universal Protocol for Preventing Wrong Site, Wrong Procedure, Wrong Person Surgery issued by The Joint Commission, an organization dedicated to healthcare quality and patient safety. See The Joint Commission, Universal Protocol Poster, https://www.jointcommission.org/standards/universal-protocol/.

4

malpractice, a plaintiff must establish the applicable standard of care and demonstrate both that a defendant physician breached that standard, and that this breach caused the patient's harm." Palandjian v. Foster, 446 Mass. 100, 104 (2006). The plaintiff alleges that the BMC nurses informed him that the title of his surgery was facial feminization. This allegation does not implicate a standard of care or breach thereof. As such, his allegations do not plausibly suggest a basis for relief. See Iannacchino, 451 Mass. at 636.

Second, to establish a hospital's liability for a physician's medical malpractice, a plaintiff must establish the physician's employment with the hospital and that the physician's negligence occurred within scope of that employment. See Dias v. Brigham Med. Assocs., Inc., 438 Mass. 317, 321-322 (2002). The plaintiff does not allege that Dr. Spiegel was an employee of the BMC or that he operated on the plaintiff within the scope of such employment; indeed, the plaintiff alleges Dr. Spiegel was affiliated with the Spiegel Center. Accordingly, the plaintiff failed to allege any facts establishing a basis for relief, and so the judge properly granted the BMC's motion to dismiss. See Iannacchino, 451 Mass. at 636.

2. Motions to dismiss c. 93A claim. "[A] claim for the negligent delivery of medical care, without more, does not qualify for redress under our consumer protection statute, G. L.

5

c. 93A." Darviris v. Petros, 442 Mass. 274, 278 (2004). While c. 93A "may be applied to the entrepreneurial and business aspects of providing medical services, for example, advertising and billing," id. at 279, the plaintiff's complaint merely alleged that the defendants violated c. 93A by advertising they are committed to patient safety, and then performed his surgery negligently. The plaintiff cannot convert a claim of medical malpractice into a c. 93A claim by recasting legal conclusions as factual allegations. See Iannacchino, 451 Mass. at 636. Accordingly, the judge properly granted both defendants' motions to dismiss as to the c. 93A claim against them.

3. The Spiegel Center's motion for summary judgment. In reviewing a grant of summary judgment, we must determine "whether, viewing the evidence in the light most favorable to the unsuccessful opposing party and drawing all permissible inferences and resolving any evidentiary conflicts in that party's favor, the successful . . . party is entitled to judgment as a matter of law" (citation omitted). McGilloway v. Safety Ins. Co. 488 Mass. 610, 613 (2021). "[T]hat some facts are in dispute will not necessarily defeat a motion for summary judgment. The point is that the disputed issue of fact must be material" (citation omitted). Hudson v. Commissioner of Correction, 431 Mass. 1, 5 (2000).

6

The plaintiff bears the burden to prove that the Spiegel Center breached the applicable standard of care, and that the breach caused the plaintiff's injuries. See Palandjian, 446 Mass. at 104. Absent exceptional circumstances, expert testimony is required to prove these elements. See Forlano v. Hughes, 393 Mass. 502, 507 (1984). Contrast Toy v. Mackintosh, 222 Mass. 430, 431 (1916) (no expert needed for jury to determine that defendant was negligent in allowing tooth to be inhaled by plaintiff during dental extraction).

The plaintiff argues that the doctrine of res ipsa loquitur enables him to prove the Spiegel Center negligently performed his surgery without expert testimony. The doctrine of res ipsa loquitur

> "permits a trier of fact to draw an inference of negligence in the absence of a finding of a specific cause of the occurrence when an accident is of the kind that does not ordinarily happen unless the defendant was negligent in some respect and other responsible causes including conduct of the plaintiff are sufficiently eliminated by the evidence. The jury must be able to find either by expert evidence or by their own common knowledge that the mere occurrence of the accident shows negligence as a cause" (citations omitted).

Edwards v. Boland, 41 Mass. App. Ct. 375, 377-378 (1996). In medical malpractice cases, res ipsa loquitur is available to support an inference of a breach of the duty of care after the plaintiff establishes the relevant standard of care. But, as noted above, in such cases, jurors can rely on their "common

7

knowledge" to find such a breach only in exceptional circumstances.  See Forlano, 393 Mass. at 507.

The plaintiff has not alleged any facts establishing that this is an exceptional case where expert testimony is not required.  Outside of the operative notes, from which a lay juror could not discern the applicable standard of care, the plaintiff presented no evidence of the standard of care applicable to his operation, how Dr. Spiegel breached that standard, or how the plaintiff's results deviated from the standard.  Whether medical malpractice occurred during a complicated plastic surgery is not a matter of common knowledge but is precisely the type of circumstance that requires expert testimony.  See Forlano, 393 Mass. at 507.  Where the plaintiff offered no expert opinion, he could not prove that his medical provider was negligent.  Accordingly, the judge properly granted summary judgment for the Spiegel Center.

Judgment affirmed.

By the Court (Massing,
  Neyman & Wood, JJ.[4]),

Paul Little

Clerk

Entered:  July 10, 2025.

---

[4] The panelists are listed in order of seniority.

8