Lester B. Morris *vs.* F. I. Weene.

Suffolk. November 30, 1926. — January 6, 1927.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Sanderson, JJ.

*Dentist. Negligence,* Of dentist. *Evidence,* Matter of conjecture, Presumptions and burden of proof.

The evidence at the trial of an action of tort against a dentist for personal injuries alleged to have been caused by negligence of the defendant in connection with the extraction of a tooth for the plaintiff did not show any lack of skill on the part of the defendant in the extraction of the tooth or in the use of antiseptics, or that his implements were not properly sterilized and cared for, or that he failed to do anything which should have been done to prevent infection; but showed merely that an infection which followed the extraction of the tooth might have been caused by the defendant, and was equally consistent with an inference that its cause was the introduction of a germ for which the defendant was in no way responsible. *Held,* that the cause of the infection was matter of conjecture only and that a verdict for the plaintiff was not warranted.

Tort or contract. Writ dated May 12, 1924.

In the Superior Court, the action was tried before *Whit-*

*ing*, J.   Material evidence is described in the opinion.   At the close of the evidence for the plaintiff, the defendant rested and moved that a verdict be ordered in his favor. The motion was denied.   There was a verdict for the plain-tiff in the sum of $125.   The defendant alleged exceptions.

The case was submitted on briefs.

*J. T. Cassidy*, for the defendant.

*H. S. Avery & J. T. Cocker*, for the plaintiff.

SANDERSON, J.   The plaintiff is seeking to recover damages for negligence of the defendant, a dentist, in extracting a tooth on July 8, 1923, and in the subsequent treatment of the gum and jaw.   The jury found for the plaintiff, and the defendant's only exception is to the denial of his motion for a directed verdict.

The plaintiff had been suffering for some days, from an impacted wisdom tooth, when the defendant examined it in connection with an X-ray taken by him, and advised having it removed.   In the process of removal, the defendant injected some substance with a needle, cut the jaw with a lance and used forceps.   This was followed by somewhat profuse and long continued bleeding.   The defendant advised the use of antiseptics and the plaintiff followed this advice. Soon after the operation the plaintiff's face began to swell and was painful.   In the early morning of the next day he called a physician who gave him something to stop the bleeding and administered other treatment.   Later in the same day the defendant called at the plaintiff's house and said the bleeding should not have been stopped; he treated the gum for some days thereafter and told the plaintiff that his jaw was infected.

On the afternoon of the day after the tooth was extracted, the plaintiff was conscious of a burning sensation in the face and forehead.   He offered testimony of a physician to the effect that if a burning sensation and fever developed on that afternoon, it could be accounted for by infection, but that there was no definite time in which infection would develop; that the usual time in which a germ begins to act is from twelve to twenty-four hours after anything has been done to break down the tissues; that germs are in the mouth

all the time; that in the plaintiff's case there was no way of telling how long the infection was there before July 8, although it could not have been there a week or a month; that there might have been infection one hour before and pulling the tooth would bring it out; that infection entering when the tooth was extracted would be an adequate cause of the condition existing the next day; and that instruments not properly cleaned may cause infection.

There was no evidence of the defendant's lack of skill in the extraction of the tooth or in the use of antiseptics, and no evidence was offered to show that his implements were not properly sterilized and cared for, or that he failed to do anything which should have been done to prevent the infection. The plaintiff's evidence went no further than to show that infection might have been caused by the defendant; and it was equally consistent with an inference that its cause was the introduction of a germ for which the defendant was in no way responsible.

In this state of the evidence, the rule applies that, if causes other than the negligence of the defendant might have produced the injury, the plaintiff is "bound to exclude the operation of such causes by a fair preponderance of the evidence." *Wadsworth* v. *Boston Elevated Railway,* 182 Mass. 572, 574. In *Bigwood* v. *Boston & Northern Street Railway,* 209 Mass. 345, 348, the court said, in substance, that the plaintiff has failed to maintain the burden of proof if on the whole evidence the question of the defendant's negligence is left to conjecture, surmise or speculation. "If on all the evidence it is just as reasonable to suppose that the cause is one for which no liability would attach to the defendant as one for which the defendant is liable, then a plaintiff fails to make out his case."

The facts in *Bates* v. *Dr. King Co.* 191 Mass. 585, *Drakes* v. *Tulloch,* 220 Mass. 256, and *Chesley* v. *Durant,* 243 Mass. 180, were materially different from those in the case at bar.

*Exceptions sustained.*
*Judgment for defendant.*