FRANCIS J. TRAVERSE *vs.* ABNER T. WING.

Middlesex.    March 24, 1927. — July 1, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Of dentist. *Evidence,* Matter of conjecture, Inference.

Where, at the trial of an action of tort against a dentist for personal injuries resulting from an infection, there was evidence that the infection might have been due to unsterilized implements or to defective novocaine, but that it was impossible to decide to which of the two it should be attributed, and the trial judge ruled without objection by either party that the evidence would not justify a finding that the plaintiff's injuries were due to lack of sterility in novocaine used and that, if the plaintiff should recover, it must be upon the basis of lack of sterility of the needle, the defendant's responsibility still is left to conjecture, and a verdict for the defendant should have been ordered.

TORT for personal injuries alleged to have resulted from negligence of a dentist. Writ dated April 30, 1923.

The action previously was before this court after a trial before *Hammond*, J., when exceptions by the plaintiff to the

ordering of a verdict for the defendant were sustained. The action then again was tried before *Brown*, J. Material evidence is stated in the opinion.

The bill of exceptions states: "In the course of his charge to the jury, the judge instructed the jury that if the evidence in the case was to be believed, there was no evidence which would justify a finding that the plaintiff's injuries were due to lack of sterility of the novocain; and that if the plaintiff should recover damages it must be upon the basis of lack of sterility of the needle." No objection or exception to such instruction is shown in the record. There was a verdict for the plaintiff in the sum of $7,500, of which, under order of the judge on a motion for a new trial, the plaintiff remitted all in excess of $5,000.

*R. H. Wiswall,* for the defendant.

*W. W. Clarke, (J. W. Lyons* with him,) for the plaintiff.

WAIT, J. After the decision reported as *Traverse* v. *Wing,* 256 Mass. 320, this action has been tried to a jury for the second time and is before us upon a bill of exceptions which presents the single question whether there was error in refusing to direct a verdict for the defendant.

The evidence differs in material respects from that which we held required submission to a jury. Any extended discussion of the differences has become unnecessary, in view of the ruling of the judge that the evidence would not justify finding that the plaintiff's injuries were due to lack of sterility in novocaine used. No objection to this ruling appears to have been made.

The earlier decision held that the evidence that the plaintiff's injury resulted from the use by the defendant of nonsterile novocaine or an unsterilized instrument, and that such use was negligent, was more than conjecture. No such decision is now possible. There was evidence that the infection, from which the plaintiff suffered, might have been due to unsterilized implements or defective novocaine; but that it was impossible to decide to which of the two it should be attributed. It follows, since unsterile novocaine may have caused the plaintiff's suffering, and since unsterile novocaine may have been administered without negligence,

that the defendant's responsibility is left to conjecture. *Morris* v. *Weene,* 258 Mass. 178, and cases cited. *Bigwood* v. *Boston & Northern Street Railway,* 209 Mass. 345.

We have examined the evidence set out in the bill of exceptions and are satisfied that the ruling was justified, and that recovery ought not to be permitted on evidence so uncertain and speculative.

The ruling denying the motion was error. Judgment should enter for defendant. G. L. c. 231, § 122.

*Exception sustained.*
*Judgment for defendant.*