ELIZABETH HIRST *vs.* CHEVROLET MOTOR COMPANY.

SARAH HIRST *vs.* SAME.

ISABELLA HIRST *vs.* SAME.

JAMES HIRST *vs.* SAME.

Middlesex.    January 14, 1927. — October 21, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Of manufacturer. *Actionable Tort. Evidence,* Matter of conjecture, Presumptions and burden of proof.

An action of tort by the owner of an automobile, who had purchased it from a dealer to whom the manufacturer had sold it, against the manufacturer for personal injuries and damage alleged to have resulted from negligence of the defendant in manufacturing, assembling, and installing its parts, or in assembling into it defective parts, well knowing that the automobile was an article "intended to preserve or affect human life" and "was so inherently dangerous as to be reasonably certain to place life and limb in peril" if its parts were negligently assembled, cannot be

maintained on evidence tending merely to show several accidents to the automobile between the time when it was purchased from the dealer, to whom the defendant had sold it, and the time of the accident which was the ground of the action; several instances of repair to the steering gear; that the only difficulty with the running of the car was that on wet days and on rough roads "the steering wheel would go back and forth in the . . . [driver's] hand so that the car would not always steer straight," which was called "shimmeying"; and that the condition of the drag link in the steering gear at the time of the accident showed that there had been an improper assemblage of the components of the ball and socket at some time: such evidence was not sufficient to justify a finding that the car was improperly assembled when delivered by the defendant to the dealer.

FOUR ACTIONS OF TORT, the first for damage to an automobile manufactured by the defendant and for personal injuries, and the others for personal injuries, received when the automobile driven by the plaintiff in the first action became unmanageable and collided with a tree. Writs dated. August 14, 1924.

Each declaration, as amended, in one count, or set of counts, alleged as grounds of action "negligence and carelessness of the defendant in manufacturing, assembling, and installing the parts of the said automobile, or in the assembling into the said automobile of defective parts," by reason of which a part of the steering apparatus came apart; and in a second count, or set of counts, the additional ground "that said automobile manufactured and assembled by the defendant well knowing that it was an article intended to preserve or effect [*sic*] human life was so inherently dangerous as to be reasonably certain to place life and limb in peril because of such negligent preparation."

In the Superior Court, the actions were tried together before *Irwin,* J. Material evidence is stated in the opinion. By order of the judge, verdicts were entered for the defendant. The judge reported the actions to this court for determination.

*H. C. Avery,* for the plaintiffs.

*E. J. Sullivan,* for the defendant.

WAIT, J. The several plaintiffs were injured on July 16, 1924, when they were riding in an automobile manufactured by the defendant and sold to the plaintiff Elizabeth June 22, 1923, by the Summer Street Garage in Malden. They bring

these actions of tort alleging that the defendant was negligent in the assemblage of the parts of a ball and socket joint at the end of a drag link in the steering gear of the automobile, and that their injuries resulted because the joints separated while they were descending a hill in Townsend. The cases were tried together. The judge directed verdicts for the defendant. They are before us upon his report, with the stipulation of the parties that, if the rulings were correct, judgments are to enter on the verdicts; and if they were wrong, judgments in agreed amounts are to enter for the several plaintiffs.

The judge was right in his rulings, since there was no sufficient evidence to justify findings that the defendant was in fault.

The evidence, taken most strongly for the plaintiffs, does not go beyond showing that the machine was purchased in June, 1923, and was injured the next day by being struck from behind by an electric street car, which might have put the machine out of alignment; that, after repair, it ran perfectly for some time except that on wet days and on rough roads "the steering wheel would go back and forth in her [the plaintiff Elizabeth's] hand so that the car would not always steer straight," which she called "shimmeying"; that the machine was in storage from the middle of November of 1923 till early April of 1924, when it was overhauled and reported in good condition; that in April it broke down from trouble in the rear casing and in May was examined, the rear housing taken down, new gears substituted, and the steering apparatus repaired by putting in a new Pitman arm and gear; that in June the plaintiff Elizabeth drove it against a sign post and the Pitman arm fell out of the casing at the drag link; that the repair man examined the ball and socket joint and said it was all right; that it ran better on trips taken thereafter till, on the trip of July 16, in descending the hill in Townsend the plaintiff Elizabeth found she had no control and, though she used her brake, it struck an object which wrecked the forward end; that the ball at the end of the Pitman arm was out of the housing in the drag link, the housing showed signs of wear and was open so that

the head could drop out.   There was no dispute that the condition of the drag link showed that there had been an improper assemblage of the components of the ball and socket joint at some time; but there was no evidence sufficient to justify a finding that it was improperly assembled when delivered by the defendant to the dealer.   No repairs were made by the defendant, and no examination was made by it before the accident.   The expert called by the plaintiff was unable to say that the condition of the housing of the ball and socket joint indicated wear before the new Pitman arm was put in, though it was consistent with it.   On rough roads, machines in perfect condition will show action of the steering post such as the plaintiff described.   "Shimmeying" is due to imperfect alignment of wheels as well as to loose connections in the steering gear.

On such evidence it is only by conjecture and not by fair inference based upon proven facts that any negligence of the defendant or of any one for whom it was responsible can be found to have existed.   That is not enough.   See *Morris* v. *Weene*, 258 Mass. 178.   *Traverse* v. *Wing*, 260 Mass. 527. *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345.

*Judgment on the verdicts.*