AUGUSTA MAGNUSON *vs.* OLIVIA B. GOTTHOLM.

CARL MAGNUSON *vs.* SAME.

CARL ALDEN MAGNUSON *vs.* SAME.

Middlesex.    November 14, 1927. — January 3, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence*, Gas.    *Evidence*, Presumptions and burden of proof, Matter of conjecture.

A verdict for the defendant, in an action against the owner of an apartment house by a tenant at will of one of the apartments for personal injuries alleged to have resulted from an explosion of illuminating gas, properly was ordered where the evidence showed merely that the explosion happened in the early evening; that during the day an electrician, employed by the defendant, had been changing the lighting system from gas to electricity and had taken down and replaced the gas fixture in the bathroom; that just preceding the explosion the plaintiff had opened the bathroom door when a whizzing sound like the wind was heard, followed almost instantly by an explosion; that an open gas jet was burning in a bedroom about ten or twelve feet from the bathroom door;

that the force of the explosion blew out all but three windows of the house and knocked down considerable plaster; that after it a linen receptacle hanging from this jet was found scorched and burned; and that no match had been lighted by any one in the apartment.

THREE ACTIONS OF TORT for personal injuries. Writs in the first and second actions dated May 12, 1925, and in the third action dated June 1, 1925.

In the Superior Court, the actions were tried together before *Keating, J.* Material evidence is stated in the opinion. At the close of the evidence, the judge ordered verdicts for the defendant. The verdicts were entered and the judge reported the actions to this court for determination.

*H. B. Ehrmann,* for the plaintiffs.

*M. J. Mulkern,* for the defendant.

SANDERSON, J. These are three actions of tort to recover damages for personal injuries alleged to have been caused by the explosion of illuminating gas. The defendant was the owner of a three apartment house, and the plaintiff Carl Magnuson was tenant at will of the middle apartment. The other plaintiffs are members of his family. All the plaintiffs were injured by the same explosion, which occurred in the apartment occupied by them.

On the day of the accident an electrician, employed by the defendant, had been changing the lighting system from gas to electricity and had taken down and replaced the gas fixture in the bathroom. The accident occurred in the early evening. When the plaintiff Carl Magnuson opened the bathroom door, a whizzing sound like the wind was heard, followed almost instantly by an explosion which caused the injuries. An open gas jet was burning in a bedroom about ten or twelve feet from the bathroom door. After the explosion, which by its force blew out all but three windows of the house and knocked down considerable plaster, a linen receptacle hanging from this jet was found scorched and burned. The evidence tended to show that no match had been lighted by any of the plaintiffs. Carl Magnuson testified that before opening the bathroom door he did not smell gas; but his son testified that he noticed a slight trace of it just outside that room.

The evidence would not justify a finding that the explosion was due to carelessness on the part of the electrician in taking down and putting back the gas fixture in the bathroom. Although it might have been found that the injuries were attributable to an explosion of gas, there was no evidence of a defective gas fixture and the cause of the escape of gas was left to conjecture. Upon the evidence the jury would not have been justified in finding that any negligent act of the defendant, her agents or employees had been shown. *Olsen* v. *New England Fuel & Transportation Co.* 251 Mass. 389, 393. *Morris* v. *Weene*, 258 Mass. 178. Because of this conclusion it is unnecessary to consider other questions argued.

In each case the entry must be

*Judgment for the defendant on the verdict.*