**BREEN, Admrx. v CONN et**

Ohio Appeals, 9th Dist, Summit Co

No. 3049.  Decided Oct. 7, 1938.

J. Earl Cox, Akron and Ernest W. Teodosio, Akron, for appellant.

Shipman & Shipman, Troy, and Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellee The Waco Aircraft Co.

## OPINION

By DOYLE, J.

Two of the appellees (defendants below) are executrices of the estate of Arthur Conn, who was the owner and operator of an airplane which crashed to the earth. The appellant's (plaintiff's) decedent and the defendant executrices' decedent were instantly killed in the accident. The appellee (defendant) corporation was the manufacturer and seller of the airplane to appellee (defendant) executrices' decedent, Conn. The plane at the time of the purchase was secondhand, and it was sold and bought as such. The petition was drafted on the theory of the joint

negligence of the seller and operator of the secondhand plane.

The petition was filed in the Court of Common Pleas of Summit County, although one of the defendants, The Waco Aircraft Co., was a resident of Miami County. This on the theory that the defendants were jointly negligent and. could be sued in the county in which one or more resided. §11282, GC.

Subsequent to the service of summons upon the defendants· in the respective counties of their residences, i. e., the executrices in Summit County and the Aircraft Co. in Miami County, the aircraft company filed a motion in the case and entered its appearance solely for the purpose of contesting the jurisdiction of the court, and, in the motion, moved that the service of summons upon it be quashed upon the ground that the court had no jurisdiction over it in the action and for the reason that it was a nonresident of Summit County and was not personally served with summons in Summit County.

The trial court in its ruling sustained the motion to quash service of summons, and dismissed the defendant company from the suit. From that ruling the plaintiff has appealed to this court on questions of law.

It is urged by the plaintiff, the appellant in this court, that a motion to quash service of summons is pertinent only to proper service of the summons and is not a legal remedy against insufficient pleadings, is not applicable to the sufficiency of the pleaded facts upon which the charge of joint negligence is based, and cannot be used as a substitute for a demurrer. The case of **Maloney v Callahan, 127 Oh St 387,** is· cited as authority. It was held therein that:

"3. Where the allegations of a petition upon its face state a case in which two defendants are **rightfully joined,** and service is made on one of them in the county in which the action is brought, and on the other in another county, the question of jurisdiction of the court over the person of the defendant served in such other county must be raised by answer, under §§**11309 and 11311, GC."** (Emphasis ours).

The facts pleaded in the cited case revealed a situation wherein the two defendants were **rightfully joined.** What becomes of this rule of pleading when an action charging several defendants **jointly** with actionable liability to the plaintiff is **not** "rightfully brought." and summons is served upon one of the defendants in a foreign county?

A landmark in adjective law was established by the Supreme Court of this state in **The Canton Provision Co. v Gauder, a minor, 130 Oh St 43.** That court pronounced that:

"1. Where action is instituted against two defendants jointly, one of whom is served with summons in the county in which the action is brought, and the other by a summons issued to another county of the state, and it appears upon the face of the petition that **the defendants are not** jointly liable for the reason that the liability of the non-resident defendant is primary and that of the resident defendant secondary, the service of summons on the non-resident defendant may be quashed." (Emphasis ours).

That the Court of Common Pleas has no jurisdiction over ·nonresident defendants when the averments of the petition and the proof on trial do not show that the plaintiff has a valid joint cause of action against the defendants on whom valid service is had, as well as against the nonresident defendants, has long been the law of Ohio.

**Gorey. v Black, 100 Oh St 73.**
**Stark County Agricultural Soc. v Brenner, 122 Oh St 560.**

In applying the principles announced in the foregoing cases, it is not of controlling importance that the rule pro-

nounced in The Canton Provision Co. v Gauder, a minor, **supra,** is restricted only to the facts of that case—i. e., that the jurisdiction of the court may be challenged by a motion to quash service of summons where the petition on its face discloses that the defendants were improperly joined because of a primary and secondary liability. The rule established has characterized the trend of judicial thought.

It may be safely asserted that in all cases where it appears upon the face of the petition that the ▇▇▇▇▇ ▇ defendants in a negligence action are not jointly liable, and where one of the defendants is a nonresident of the county in which the action is brought, the jurisdiction of the court over the nonresident may be challenged by a motion to quash the service of summons upon such nonresident defendant, and that the raising of the question of jurisdiction by way of answer or demurrer is not exclusive.

A logical pursuance of the problem presented in the appeal next leads to the inquiry as to whether or not the petition on its face pleads a joint liability between the Waco Aircraft Co. and the estate of Arthur Conn.

The pleader in charging Conn with negligence alleged that at the time of the accident (1) "he was operating a plane which he knew to be defective"; (2) "he was flying and causing the said Daniel L. Breen and the other passengers to fly with him in an airplane which he knew to be structurally weak"; (3) "he was operating said airplane or causing said airplane to be operated at an unreasonable and improperly low altitude, to-wit, approximately 200 feet above the surface of the ground, in violation" of flying rules; (4) "in not flying said plane at an altitude of 1300 feet or higher when there was no overcast and where said plane could have been flown in safety"; (5) "he was operating said plane or causing the same to be operated in an irregular or semi-elliptical and zig-zag course"; (6) "said airplane was being operated by an inexperienced and in-

capable pilot"; (7) "said airplane was being flown out of its regular course"; (8) "said airplane was being operated without due and proper regard for the safety of the passengers which it contained"; (9) "the pilot of said airplane did not have the same under full and complete and proper control"; (10) "said airplane was permitted to crash to the earth, when by proper piloting it could have been flown at a safe and proper altitude"; (11) "the said airplane was permitted and caused to crash to the earth, when by proper piloting it could have been landed safely in any one of the many open spaces in the vicinity."

The petition further alleged that when Conn purchased the plane, he knew that it had been in an accident, in which considerable damage had been done to one of the wings, and he further knew that it was in a weakened condition and of "such structural design that frequent accidents causing injuries to its wings could be reasonably expected."

It was further alleged that after the plane was purchased by Conn it had been in accidents, which caused further damage to the wings.

The pleader next averred that "the defendant The Waco Aircraft Co. was guilty of negligence in that it knowingly sold to the said Arthur Conn an airplane which was structurally weak due to the previous accidents which it had been in" and "which was structurally of such a design as to be susceptible to flying accidents"; and further "that the said company permitted this airplane, which was structurally weak and faultily designed, to be sold and used for the purpose of flying and for the further purpose of carrying passengers."

The petition continued by alleging that the negligence of both parties contributed to the accident, and that the death of plaintiff's decedent was the direct and proximate result of the negligence pleaded.

The charge of negligence against the airplane company is apparently predicated upon a principle of law applicable

to the purchase of new automobiles, which principle, in so far as it applies to such automobiles, has become established in this country. It is that the manufacturer of an automobile is liable to the ultimate user of the vehicle for defects in its construction. The liability is not based upon a breach of warranty, express or implied, but upon the theory in tort that "The manufacturer of an article not inherently dangerous when put to the use for which it is intended, owes to the public the duty of employing care, skill and diligence to see that it is reasonably fit for the purpose for which it was intended," and to discover any defects of a character calculated to cause injury.

**Breck v Rollaway Motor Co., 23 Oh Ap 79.**

MacPherson v Buick Motor Co., 217 N. Y. 382.

Johnson v Cadillac Motor Car Co., 194 Fed. 497.

Hirst v Chevrolet Motor Co., 261 Mass. 155.

Heckel v Ford Motor Co., 128 Atl. 242.

Quackenbush v Ford Motor Co., 153 N. Y. Supp. 131, 167 Ap. Div. 433.

Goullon v Ford Motor Co., 44 Fed. (2) 310.

Foster v Ford Motor Co., 139 Wash. 341, 246 Pac. 945.

Justice Cardozo, in MacPherson v Buick Motor Co., supra, at page 389, expressed the principle in the following language:

"If the nature of a thing is such that it is reasonably certain to place life and limb in peril when negligently made, it is then a thing of danger. Its nature gives warning of the consequences to be expected. If to the element of danger there is added knowledge that the thing will be used by persons other than the purchaser, and used without new tests, then, irrespective of contract, the manufacturer of this thing of danger is under a duty to make it carefully."

This innovation in the law of torts has been applied to the purchase of new automobiles. It likewise applies to the purchase of new airplanes. Under no circumstances, however, could the rule be applicable to the sale of a secondhand airplane under the allegations in this petition. The petition fails to reveal any of the substance of the contract of sale. What statements were made by Conn to the company or by the company to Conn do not appear. No facts are pleaded which could give rise to an implied warranty as to the condition or design of the plane. The charge against the company pleads neither a cause of action in tort nor one on contract, either express or implied; and in construing the petition as an entirety, the allegations of negligence against Conn negative the charge against the company on the essential ground of proximate cause.

It therefore follows that the petition on its face does not plead a case of joint liability against the defendants.

If for the sake of further discussion of the question of joint liability it may be assumed that there is a cause of action stated against the company, the respective duties of the defendants toward this plaintiff were of such a different character that they could not be jointly liable, under the rule announced in the third paragraph of the syllabus of Stark County A. Soc. v Brenner, supra—which is that

"3. Joint liability for tort only lies where wrongdoers have acted in concert in the execution of a common purpose and where the want of care of each is of the same character as the want of care of the other." (Emphasis ours).

Judgment affirmed.

In case No. 3048, W. A. Stevenson, Admr., etc., Appellant v Olive Conn, Exrx., etc., et al, Appellees, the same is-

sues are presented, and the judgment in that case is therefore likewise affirmed.

STEVENS, PJ. and WASHBURN, J., concur.