## HARRIET KILEY *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Plymouth.   December 7, 1938. — December 10, 1938.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Negligence*, Railroad: station, passageway; One owning or controlling
real estate.   *Proximate Cause.*

Evidence merely that an intended passenger of a railroad corporation,
in a covered passageway with a cement floor maintained by the cor-
poration at its station, "fell" in water which had collected on the floor
from leaks in the roof, did not warrant a finding that a condition of
the floor negligently allowed to exist bore a causal relation to injuries
so received.

TORT.   Writ in the District Court of Brockton dated
February 21, 1934.

On removal to the Superior Court, the action was tried
before *Sheehan*, J.   The plaintiff testified "that she was
going to Boston and wanted to buy a ticket and that she
intended to go through the tunnel to get to the northbound
station."   There was a verdict for the plaintiff in the sum
of $2,500.   The defendant alleged exceptions.

*N. W. Deering*, for the defendant.

*H. Lawlor*, (*A. Rosen* with him,) for the plaintiff.

LUMMUS, J.   The defendant excepted to the denial of its
motion for a directed verdict in its favor in an action of
tort for negligently causing bodily injury.   At its Brockton
station the defendant maintained a covered passageway
with a floor made of "a cement material having a trade
name 'terrazzo.'"   In rainy weather the roof leaked and the
floor became wet.   The floor had settled in places, but one
could hardly notice that unless there was water on the floor.
On May 3, 1933, when the floor was wet, although the plain-
tiff did not feel any water under her feet, she "fell into 'a
lot of water,'" about a quarter of an inch deep.

Evidence that the floor was wet did not of itself warrant a finding that it was dangerously slippery. Evidence that the plaintiff fell while walking along the wet passageway did not of itself warrant a finding that her fall was caused by slipping or by the wetness of the floor. The evidence falls short of showing that a condition of the floor negligently allowed to exist bore a causal relation to the injury. *Pearson* v. *Director General of Railroads,* 245 Mass. 158, 162. See also *Tariff* v. *S. S. Kresge Co.* 299 Mass. 129.

*Exceptions sustained.*