CATHERINE BROWN *vs.* FRANCIS R. BANGS, trustee.

Suffolk.    April 2, 1940. — September 10, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Evidence*, Matter of conjecture. *Landlord and Tenant*, Landlord's liability to tenant or his family or his invitee. *Negligence*, One owning or controlling real estate.

A verdict for the plaintiff for injuries, sustained in a fall in the corridor of a building, owned by the defendant, where she was employed by a tenant, would not have been warranted where the evidence did not disclose the manner or cause of her fall.

TORT. Writ in the Superior Court dated November 2, 1932.

A verdict for the defendant was ordered by *Beaudreau*, J.

*J. F. Connolly*, for the plaintiff.

*G. S. Lowden*, for the defendant.

DONAHUE, J. The plaintiff, who was employed as a stenographer by a tenant in an office building owned by the defendant, has brought this action to recover damages for injuries resulting from her fall in a corridor leading to the office where she was employed. The case is here on the exception of the plaintiff to the direction of a verdict for the defendant by a judge of the Superior Court.

Certain material facts are here briefly narrated. Shortly before her injury the plaintiff went to the "Ladies' Room," which she and others employed in the building commonly used. The floor of the room was mostly covered with water which came from an overflowing toilet and there were pieces of toilet tissue strewn about the room. The soles of the plaintiff's shoes became wet and as she left the room she noticed that a piece of paper tissue was clinging to one

of her shoes. There was a man in the corridor and for that reason she did not then remove it. She walked about fifteen steps to a turn in the corridor and then five or six steps more to the place where she fell. There was in the center of the corridor where she walked a "track" of wet footprints leading from the ladies' room and at the point where she fell the floor was wet.

We do not find it necessary to consider whether there was evidence to warrant a finding that the presence of water and paper on the floor of the ladies' room or the presence of wet footprints in the corridor resulted from negligent conduct of the defendant, or whether the plaintiff's conduct in walking along the corridor was contributory negligence as matter of law.

While the plaintiff in order to recover was not bound to exclude by evidence every possibility of the cause of her injury except negligence of the defendant, she was required to show by a preponderance of the evidence that her injury resulted from negligence for which the defendant was responsible rather than from a cause for which the defendant was not responsible. *Walker* v. *Benz Kid Co.* 279 Mass. 533, 537, and cases cited. *Atlas* v. *Silsbury-Gamble Motors Co.* 278 Mass. 279, 282-283. *Morris* v. *Weene*, 258 Mass. 178. *Sponatski's Case*, 220 Mass. 526.

The only evidence with respect to the plaintiff's fall was the following testimony given by her: "I had put my hand on the tissue, this paper that was on my shoe, and then my foot slipped and I fell back and I struck my left elbow on the marble floor." This does not disclose the manner or cause of her fall. It does not appear whether at the time of the fall she was walking or standing still, whether when she "put" her "hand on the tissue" she had stooped down and had both feet, or only one foot, on the floor, whether the foot that slipped was the one which had the tissue on it, or whether she raised the foot on which the tissue was and, while standing on the other foot and removing the paper from her shoe, lost her balance and fell.

"These hypotheses illustrate the wide range of rational speculation available in the vain effort to point with any

greater assurance to one rather than to another as the way in which the misfortune occurred. When the mind is left in such uncertainty it cannot be said that a cause attributable to the negligence of the defendant has been indicated by a probability sufficient to be removed from the realm of fancy." *Bigwood* v. *Boston & Northern Street Railway*, 209 Mass. 345, 349.                    *Exceptions overruled.*