CATHERINE CONNOLLY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.   May 13, 1941. — May 27, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Negligence,* Street railway: station.

Evidence, which went no farther than to show an unexplained fall of a passenger in a subway station of a street railway company, did not warrant a finding of negligence of the company.

TORT.   Writ in the Superior Court dated May 10, 1937.
The case was tried before *Broadhurst,* J.
*M. H. Tobin,* for the plaintiff.
*J. E. Hannigan,* (*E. M. McMahon* with him,) for the defendant.

RONAN, J.  The plaintiff left a subway train at the defendant's station at Harvard Square, in Cambridge, and was proceeding along a concrete platform or ramp, one hundred sixty-five feet long and forty feet wide, which had a descending five per cent grade and served as a passageway for passengers who intended to take surface cars, when she fell and was injured.  The judge, upon leave reserved, set aside a verdict for the plaintiff and entered a verdict for the defendant, subject to the exception of the plaintiff. The plaintiff having inadvertently lost the right to prosecute her exceptions, the judge reported the case to this court.

The ramp was damp or wet, at the time of the accident, from moisture which had been tracked in by the large number of passengers who use it in going from the subway trains to the surface cars.  A subway train arrives every four minutes at this station and discharges a hundred or more passengers who travel along this ramp.  The plaintiff testified that she was walking down the ramp with hundreds of people; that "she just fell"; that she did not observe anything about the platform or ramp near where she had fallen; that she saw quite a "bit of dirt" but she did not know whether she fell on that; that the dirt seemed as if some one had walked upon it; that it looked as though somebody had stepped in the middle of it, but she did not know if she stepped on it or whether that caused her to fall; that she did not know the size of the area covered by the dirt, but it might have been an inch thick, soft in some places and hard in others; that she did not know "what made her fall"; that the platform was as wet as it is on a damp day; and that she had frequently walked on platforms that were as wet as was this one at the time of the accident. There was testimony from another witness that there was an accumulation of hard dirt or mud, an inch thick, which was located upon the ramp three feet from the wall of the subway.  The report states that there was no evidence where this mud or dirt came from.  We have summarized all the material evidence relative to the issue of liability.

The plaintiff could not recover unless she proved a breach

of some duty that the defendant owed to her as a passenger. A common carrier is bound to exercise a degree of care consistent with the conduct of its business to maintain its premises in a reasonably safe condition for the use of its passengers. *Ward* v. *Boston Terminal Co.* 286 Mass. 517. *Klein* v. *Boston Elevated Railway*, 293 Mass. 238. *Holton* v. *Boston Elevated Railway*, 303 Mass. 242.

Even if the ramp became wet as a result of its use by large numbers of passengers, there was no evidence that it thereby became slippery or dangerous. There was nothing in the testimony to show that the plaintiff slipped upon the ramp because it was damp or wet. We do not intimate that the defendant would be liable if the fall were so caused. *Seidenberg* v. *Eastern Massachusetts Street Railway*, 266 Mass. 540. *Kiley* v. *New York, New Haven & Hartford Railroad*, 301 Mass. 570. *Moors* v. *Boston Elevated Railway*, 305 Mass. 81. The presence of dirt or mud upon the ramp is immaterial unless shown to have had a causal connection with the plaintiff's fall. There is no testimony that there was any accumulation of dirt or mud where she fell, or that whatever dirt was deposited on the ramp caused her to fall. The evidence goes no farther than to show an unexplained fall. The plaintiff has not sustained the burden of proving that her fall resulted from any negligence of the defendant. *Lyford* v. *Boston & Maine Railroad*, 227 Mass. 10. *Milano* v. *Wasserman*, 255 Mass. 1. *Withington* v. *Rome*, 258 Mass. 188. *Gillis* v. *Boston, Revere Beach & Lynn Railroad*, 266 Mass. 481. *Moore* v. *Amesbury*, 268 Mass. 462. *Wainwright* v. *Jackson*, 291 Mass. 100, 102. *Garland* v. *Stetson*, 292 Mass. 95, 104. *Tariff* v. *S. S. Kresge Co.* 299 Mass. 129. *Moors* v. *Boston Elevated Railway*, 305 Mass. 81. *Brown* v. *Bangs*, 306 Mass. 551.

In accordance with the stipulation in the report, judgment must be entered for the defendant.

*So ordered.*