ESTHER R. SELLEW *vs.* TUTTLE'S MILLINERY INC.

Suffolk.    December 6, 1945. — March 27, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Negligence*, Stairway, Store. *Practice, Civil*, Special question to jury, Ordering verdict. *Evidence*, Relevancy and materiality, Business records, Corroborative evidence.

The elimination of one only of two alleged grounds of negligence of the defendant by the jury's answer to a special question asked them orally by the judge upon the return of a verdict for the plaintiff left the propriety of the judge's entering a verdict for the defendant under leave reserved to be determined upon the sufficiency of the evidence to warrant a finding of negligence on the other ground.

A finding of negligence on the part of the proprietor of a store was not warranted by evidence merely that a customer in the store fell while descending stairs on which there was "an accumulation of dirt, pieces like candy paper, gum paper and debris in general," "an accumulation of dirty little papers," and a "skid mark" which was "just a heel mark through the dirt."

On the issue whether a carpet was on the floor of a store in July, evidence from a carpet dealer that the proprietor of the store had purchased

a carpet for the store in the previous January and that it was laid there was admissible to corroborate testimony by the manager of the store that the carpet was laid there in January by the carpet dealer and was never taken up, and was not to be excluded on the ground of remoteness.

Allowing a witness to read in evidence entries in original records and a sales book imported a finding of the facts prerequisite to their admission as business records under G. L. (Ter. Ed.) c. 233, § 78, and was not shown to be error even if the witness had no personal knowledge of the facts shown by the entries.

TORT for personal injuries. Writ in the Superior Court dated August 30, 1940.

The action was tried before *Hurley*, J.

*J. H. Devine & J. R. Spence*, for the plaintiff, submitted a brief.

*S. P. Sears*, for the defendant.

SPALDING, J. The jury returned a verdict for the plaintiff, which was taken under leave reserved. Thereafter the judge entered a verdict for the defendant. The case comes here on the plaintiff's exceptions to this action, to various rulings on evidence, and to the denial of her motion for a new trial based on the inadequacy of damages.

The jury could have found these facts: On July 6, 1939, about noontime, the plaintiff and her sister entered the defendant's millinery store, and, pursuant to an invitation by one of the saleswomen, went upstairs to the second floor where for about thirty-five to forty minutes they looked at the hats on display at several counters. The plaintiff then "started to go down the stairs on the right hand side with her hand on the balustrade"; her sister was next to her, and they went down stairs together. At about the second step the plaintiff pitched forward, her foot went out from under her, and she lost her grip on the balustrade, with the result that she fell head first to the landing, which was half way down the stairs, and was injured. The stairs at the time of the accident were dirty; there was "an accumulation of dirt, pieces like candy paper, gum paper and debris in general." The stairs in the vicinity of where the plaintiff fell were covered with the same debris, and there was a skid mark on the second step. The "skid mark was just a heel

mark through the dirt" and was six or seven inches long. The stairs at the time the plaintiff and her sister ascended them were dirty; it seemed "as if there was an accumulation of dirty little papers."

There was evidence introduced by the plaintiff to the effect that there was no carpet on the second floor; that the floor had the appearance of having been recently oiled and was very wet; and that after the accident the soles of the plaintiff's shoes were saturated with oil. The defendant's evidence was to the contrary, and showed that the second floor on the day of the accident was completely covered by a carpet. When the jury returned with their verdict the judge, before recording it, asked them if they had determined whether on the day the plaintiff was injured there was oil on the defendant's floor or whether it was covered with a carpet and, if they had, to state what the fact was. The jury, after answering that they had determined this, stated, "The carpet was there."

1. Where, as here, the jury have answered a special question, the answer must be treated as part of the verdict, and the facts established by it must be considered in determining the correctness of the judge's ruling under leave reserved. *Thurlow* v. *Welch*, 305 Mass. 220. *Burgess* v. *Giovannucci*, 314 Mass. 252, 256. See *Reilly* v. *Boston Elevated Railway*, 206 Mass. 53, 55. The jury by their special verdict have eliminated oil as a basis for liability but, since this did not dispose of all the issues of fact material to the case (see *Palumbo* v. *DiMare*, 299 Mass. 212, 215; *Copithorn* v. *Boston & Maine Railroad*, 301 Mass. 510, 514–515), the question remains whether there was sufficient evidence, apart from oil, to warrant a finding of negligence. We think there was not. Evidence that the stairs were dirty did not of itself warrant a finding that they were slippery or dangerous. Nor was this condition shown to have had any causal relation to the accident. The evidence goes no farther than to show an unexplained fall. In these circumstances the plaintiff was not entitled to go to the jury. *Kiley* v. *New York, New Haven & Hartford Railroad*, 301 Mass. 570. *Connolly* v. *Boston Elevated Rail-*

*way*, 309 Mass. 177. *Deignan* v. *Lubarsky*, 318 Mass. 661.

2. Exceptions were taken by the plaintiff to the testimony of a bookkeeper employed by Brooks Gill Company, a Boston carpet dealer. She was permitted to read from the original records and sales book of her employer, which showed that the defendant had purchased a carpet for the premises at 53 Summer Street (where the plaintiff was injured) in January, 1939, and that it was laid at those premises by one Clemente. The objections to this evidence on the grounds of remoteness and that it did not prove that the carpet was on the floor at the time of the accident six months later require little discussion. It tended to corroborate the testimony of the defendant's store manager, admitted without objection, to the effect that Brooks Gill Company laid the carpet in January, 1939, and that it was never taken up. This was admissible in the discretion of the judge. The fact that this evidence also showed sales of other carpet to other stores operated by the defendant did not harm the plaintiff. Nor was the evidence open to the objection that it was not based on the personal knowledge of the witness. On findings that the judge might have made, the evidence was admissible under G. L. (Ter. Ed.) c. 233, § 78, as entries in records made in the usual course of business. *Chadwick & Carr Co.* v. *Smith*, 293 Mass. 293, 295. *Bodell* v. *Sawyer*, 294 Mass. 534, 542–543. If nothing to the contrary appears, the admission of the entries implies a finding of the facts prerequisite to their admission. *Bendett* v. *Bendett*, 315 Mass. 59, 62. Under this statute it is plain that personal knowledge of the facts recorded on the part of the person testifying is not required. [1]

For reasons already discussed in connection with the evidence of the bookkeeper, the admission of the testimony of Clemente that he laid the carpet on the defendant's

---

[1] The statute provides, however, that "lack of personal knowledge by the entrant or maker" of the record may be shown to affect its weight; and it also provides that the court, in its discretion, before admitting the records may require the party offering the evidence to call as his witness one who has personal knowledge of the facts stated in the records.

premises in January, 1939, was not improper. In view of the conclusion reached it becomes unnecessary to discuss the plaintiff's exception to the denial of her motion for a new trial.

*Exceptions overruled.*