*Northern District*

No. 6073

**SOPHIE C. GRAHAM**
**WALTON A. GRAHAM**

v.

**STOP & SHOP, INC.**

*Present*: Brooks, P. J., Parker and Yesley, JJ.

Case tried to *Farley, J.* in the District Court of Natick.

*Brooks, P. J.* This is an action of tort in which plaintiff Sophie C. Graham seeks in Count I to recover for personal injuries allegedly caused by slipping and falling "on

a puddle of water" on the floor of defendant's supermarket in Natick while shopping. Count II is for consequential damages by the husband.

The answers were general denial, contributory negligence and statute of limitations.

There was testimony from Sophie Graham and her 13 year old son Dennis tending to establish the following facts.

Sophie C. Graham arrived at the Stop & Shop about 6:40 P.M. on June 24, 1962. The store was not crowded. As she was pushing her cart around the corner of the counter in one of the aisles, the cart slipped and she was dragged with it, falling to the floor on her left buttock. While on the floor she observed that it was wet and splattered. She noticed a lot of black marks, like skid marks, around and near the wet area—about thirty or forty. The wet area was a puddle, circular in shape about eighteen inches in diameter. The weather was clear. She did not observe the condition of the floor outside of the immediate area and could not say whether there were similar black marks on any other portion of the floor.

Plaintiff's son Dennis described the puddle similarly. He observed forty or fifty black marks on the floor, straight black lines about one inch wide, extending through the puddle about two feet. He stated that he also saw another puddle.

Defendant offered the following requests

for rulings, all of which the judge denied.

1. The evidence does not warrant a finding for the plaintiff, Sophie C. Graham.

2. The evidence does not warrant a finding for the plaintiff, Walton A. Graham.

3. The evidence does not warrant a finding that the defendant was negligent.

4. The evidence does not warrant a finding that the source of the water on the floor was from a cause for which the defendant was responsible.

5. The evidence does not warrant a finding that the water on the floor was there a sufficient length of time so that the defendant knew, or should have known of its presence in the exercise of reasonable care. *Thornton v. First National Stores, Inc.*, 340 Mass. 222, 226; *Leary v. Jordan Marsh Co.*, 322 Mass. 309.

6. The evidence does not warrant a finding that the quantity of water on the floor constituted a dangerous condition. See *Kiley v. N. Y., New Haven, and Hart. RR. Co.*, 301 Mass. 570.

The court found as follows:

"In the above action I find for the plaintiff under Count I in the sum of $1,100."

"I find for the plaintiff under Count II in the sum of $80."

"Upon the credible evidence I find that the plaintiff Sophie C. Graham, has proven her case. The evidence does warrant a finding for the plaintiff."

/s/ Louis W. Farley
Assigned Justice

"Memoranda:

Upon all the credible evidence I find that the plaintiff, Sophie C. Graham was at all times in the exercise of due care and that the defendant so carelessly suffered a puddle of water to remain upon its floor in the corner of one of its display shelves, that by reason thereof plaintiff Sophie C. Graham slipped and fell and suffered serious injuries. The court can place little, if any, credence in the testimony offered by the manager of defendant's corporation." (This testimony was to the effect that the premises were dry, that there were scuff marks on the floor which had been swept about 5:45 P.M.)

Defendant claims to be aggrieved by the denial of its requests and by the findings for the plaintiffs.

There are many decisions in the high court of this and other states dealing with the question confronting us here, namely, what type of facts can fairly be said to warrant the conclusion that the condition causing the accident probably existed long enough before the accident so that defendant should have noticed and remedied it. The cause of accident in these cases varies all the way from snow and ice outdoors and indoors, where plaintiff has slipped on a banana peel, ice cream cone, leafy vegetable or any one of many greasy slippery substances.

In *Leary v. Jordan Marsh Co.,* 322 Mass. 309, 310 the substance was muddy water and the court held that: "The mere presence of water, which 'was very dirty and reddish

in color and drying along its edges had no tendency to prove that it had been on the floor long enough so that the defendant should have seen it and mopped it up.' " To a similar effect is *Tariff v. S. S. Kresge Co.*, 299 Mass. 129 where plaintiff fell in a puddle of water. In *Kiley v. NY, NH & H RR.*, 301 Mass. 570 the court stated, inter alia, that a watery surface was not evidence of a dangerously slippery condition. To the same general effect see *Pearson v. Director General Railways*, 245 Mass. 158. In *Uchman v. Polish National Home, Inc.*, 330 Mass. 563,—the slippery substance was a black banana.

In *Newell v. William Filene's Sons Co.*, 296 Mass. 489, plaintiff slipped on half an orange which was black, dirty, gritty and with heel marks in it. In *Foley v. Hotel Touraine Co.*, 326 Mass. 742 the substance resembled hard tar. A similar case was *DiAngelo v. United Markets, Inc.*, 319 Mass. 143. In *Cartoof v. F. W. Woolworth Co.*, 262 Mass. 367 plaintiff slipped on popcorn mixed with oil black in color, the court said at p. 369:

> "The color of the substance here in question is no better evidence of the time it had been on the stair than was that of the black apple core held insufficient in *O'Neill v. Boston El. Ry.*, 248 Mass. 362."

In all these cases and many more the court held that it could not be inferred that the slippery condition had existed long enough to warrant an inference of knowledge on the

part of the owner or manager of the premises involved. In many of these cases an element bearing upon a defendant's knowledge of conditions causing the accident was the proximity to the locus of defendant's employees who might or might not have had a good view of the premises. That was the deciding factor in the court's sustaining the trial judge's denial of defendant's motion for a directed verdict in *Gallagher v. Stop & Shop, Inc.,* 332 Mass. 560, 563 where plaintiff slipped on spilled ice cream. The court commented on the fact that there were three cashiers close to the locus with a clear view of the floor.

In the later case of *Caro v. F. W. Woolworth Co.,* 342 Mass. 155 the court in considering this same factor of opportunity to observe the locus said at p. 156:

"It could not reasonably be inferred that the described substance . . . . was in a place where is was observable by the employees of the store in the performance of their usual duties."

In sustaining defendant's exceptions the court said:

"From [plaintiff's] description it could not be determined with any degree of accuracy what the substance was or that it was of such nature that the irregularity of color and the caking around the edges indicated that it had been on the floor more than a short time. The fact that it was sticky and the vestibule around it appeared to be dusty and dirty added nothing of material value to the

balance of the description. Whether the defendant was negligent was conjectural."

This same factor caused the court to order verdict for defendant in the case of *Deagle v. Great Atlantic & Pacific Tea Co.,* 343 Mass. 263, 265.

In the present case there is no evidence as to the general lay-out of defendant's store, its size, location or number of employees or amount of customer traffic.

We consider that the case before us falls into the category of the cases above cited.

Plaintiff did not testify that she slipped, but that the slipping of the cart caused her to fall as she was going around the corner of the aisle. Just why the cart, if its wheels were in order, should slip is hard to understand unless plaintiff was going around the corner too fast.

We disagree with the judge's finding that there was sufficient evidence that defendant was negligent. We do not think that the black marks have been shown to be related to similar previous accidents. It is not likely that they were caused by forty or fifty persons or even half that number skidding on the floor. The coincidence of water and unexplained black marks does not, in our opinion, justify an inference that the water was there for any substantial period of time before the accident. The marks might have been there before the water. They might have been caused for

example by the moving of heavy equipment. As was said in *Sellew v. Tuttle's Millinery, Inc.,* 319 Mass. 368, 370 where plaintiff fell on a dirty stairway which the court held was not evidence of a slippery and dangerous condition: "The evidence goes no farther than to show an unexplained fall." Here not only is the cause of the cart slipping obscure, but there is unexplained the presence of water on the floor. The denial of defendant's requests for rulings 1, 2, 3, 4 and 5 was error.

*The finding is to be vacated and a finding entered for defendant.*

Sullivan, Romanou & Wallace for the Plaintiffs.

James D. Casey for the Defendant.