*Western District*

No. 104

## INGERSOLL GROVE NURSING HOME

v.

## SPRINGFIELD GAS LIGHT COMPANY

Argued: April 30, 1973 - Decided: May 3, 1973.

*Present:* Dudley, P.J., Cimini, Gould, JJ.

Case tried to *Garvey, J.* in the District Court of Western Hampden, No. D.C. 70R-336.

**Dudley, J.** These two cases were heard together under an order for consolidation. The

case of *Diane Willis, p.p.a.* is an action of tort
to recover for personal injuries sustained from
the explosion of a gas stove which she was at-
tempting to light. Her mother seeks conse-
quential damages arising from the same inci-
dent. The answer is a general denial, claim of
contributory negligence, statute of limitations,
and assumption of risk.

The case of *Ingersoll Grove Nursing Home,
Inc.* is an action of tort or contract in which
the plaintiff alleges in substance that the de-
fendant was negligent in the repair of the gas
stove involved in this incident and that the
defendant was in breach of contract in failing
to properly repair the gas stove. This plaintiff
seeks to recover for damages resulting to its
property from the explosion of the gas stove.

At the trial *there was evidence from the
plaintiff Diane Willis, tending to show:*

That she was a part-time employee of the
plaintiff, Ingersoll Grove Nursing Home, Inc.
(hereinafter called Ingersoll Grove); that she
worked in the kitchen of Ingersoll Grove; that
the gas stove in question was in said kitchen;
that for about three days before September 16,
1967, the date of the explosion which is the
basis of this suit, she noticed the odor of gas;
that stove was clean; that in the course of her
duties on September 16, 1967 at about 4:30 P.M.
she went to light the stove and turned it on
but it would not start; that she turned it off
immediately and got a match and turned it on,

struck the match, and the stove exploded in her face; she had lit the stove prior to this occasion at times with the pilot and at times by match. She was severely injured.

*Ingersoll Grove evidence tended to show in substance,* that in September 1967, prior to September 16th (the date of the explosion) the manager of Ingersoll Grove had smelled gas coming from the gas stove; that in September 1967 she had called the defendant to send repairmen to fix the gas stove on a number of occasions; that no one other than the defendant had ever repaired the stove; that her last call to the defendant before the explosion was about two days before the explosion of September 16th; that the stove was smelling of gas at that time; that before the explosion Ingersoll Grove's premises were in good condition and after the explosion the premises were in a damaged condition as the result of the explosion.

Interrogatories to the defendant and the answers thereto were introduced into evidence.

The answers to interrogatories as introduced into evidence by Ingersoll Grove tended to show that:

The administrative Assistant of Springfield Gas Light Company, who answered on information for the defendant stated that he was informed that at about 7:00 P.M. on September 16, 1967, a report was received by the defendant to the effect that an explosion had

occurred at Ingersoll Grove that day between 5:30 and 6:00 P.M.; that the explosion had occurred in a stove; that the defendant had sold a gas stove to Ingersoll Grove in October 1959; that the stove was new when sold and was in excellent condition; that after the explosion the defendant's employees checked the pilot lights and used a leak detector, checked the top of the oven, checked the oven, with negative results. Sometime later, at the expense of the plaintiff, the stand-by pilots were replaced; that the defendant had been informed of the smell of gas in the area of the stove on September 2, 1967, September 5, 1967 and September 11, 1967; that on each occasion when a complaint was received, the defendant sent a serviceman to check out the complaints; that on September 2 and 5 the servicemen corrected outgages; on September 11, three manifold valves were changed.

The answers to interrogatories as introduced into evidence by the plaintiff, Diane Willis and answered by the Assistant to the President of the defendant tended to show that:

In the six months prior to the explosion the defendant's men had been at Ingersoll Grove as follows:

March 2, 1967 — cleaned grill and checked oven. Found new mini-pilot was needed and order for same was entered.

March 3, 1967 — Installed new mini-pilot and checked oven. The stove needed cleaning

but because there would be a charge for this the chef was to obtain authorization for same and call the defendant. No call was received.

September 11, 1967 defendant answered a call and found three manifold valves leaking. These were replaced. Defendant's men regulated three burners, cleaned three pilots and then checked for leaks on the gas stove and all connections leading to it and found negative.

On September 16, 1967 defendant answered a call for an explosion on the stove. Stove was checked and found to be in good working order. Gas stove and all connections to it were checked with leak detector and found negative. All pilots were on and there were no leaks. One pilot was adjusted.

The defendant stated in answer to interrogatory that his opinion as to the cause of the explosion was that the plaintiff turned on the grill and the stand-by pilot had gone out and that without turning off the valve the plaintiff went for a match and upon lighting the match there was an explosion.

Each plaintiff seasonably filed requests for rulings.

For the purpose of indicating some of the law on which the trial judge instructed himself, all requests are set forth below.

1. The defendant in the conduct of its business was bound to use reasonable care to prevent the escape of gas upon the pre-

mises of Ingersoll Grove Nursing Home, Inc. and that degree of care in view of the dangerous character of gas and its tendency to escape means care commensurate with the danger that would probably result if such care were lacking. *Barbeau* v. *Buzzards Bay Gas Co.*, 308 Mass. 245, 247.

2. On notice of a leak and notice that gas was being emitted upon the premises of Ingersoll Grove Nursing Home, Inc., the defendant was bound to "attend immediately to it and to use diligence to stop the leak and exclude the gas from the premises". *Barbeau* v. *Buzzards Bay Gas Co.*, 308 Mass. 248.

3. The evidence warrants a finding for the plaintiff. The plaintiff, Ingersoll Grove Nursing Home, Inc., also made the following request for ruling:

4. To be recoverable damages to good will need not be capable of calculation with mathematical accuracy but may be determined by approximation. *Barrett Co.* v. *Panther Rubber Mfg. Co.*, 24F (2) 329.

The court granted requests numbers 1 and 2, denied request number 3 and denied Ingersoll Grove Nursing Home, Inc.'s request number 4 because made immaterial because of its findings.

The court made the following findings in the case of Diane Willis:

"The plaintiff sustained personal injuries

as a result of an explosion of a gas stove on the premises where she was employed. There was no negligence on the part of the defendant, its agents or servants that caused the explosion.''

The court made the following findings in the case of Ingersoll Grove Nursing Home, Inc.:

''That the plaintiff sustained damage to its property as a result of an explosion of a gas stove on its premises. There was no negligence on the part of the defendant, its agents or employees that caused the explosion.''

The plaintiffs claimed to be aggrieved by the denial of their request number 3 and the court's findings and lack thereof.

The court found for the defendant in both cases.

We find no prejudicial error.

A judge sitting without a jury performs a dual function. He is both a judge of the law and a trier of fact. He must adopt correct rules of law for his guidance and find the facts as guided by these rules. Upon proper request therefor he must state the rules of law adopted by him for his guidance as a trier of fact in order that the right of review thereof may be preserved. *Adamaitis* v. *Metropolitan Life Ins. Co.*, 295 Mass. 215.

This principle is applicable to the question of law whether the evidence warranted a finding.

Upon a proper request for a ruling upon

this question a judge is bound to rule thereon unless his special finding or findings render such a ruling immaterial. *Bresnick* v. *Heath,* 292 Mass. 293; *Hurley* v. *Ornsteen,* 311 Mass. 477.

The purpose of such a ruling or of such a finding or special findings is to show whether the general finding is vitiated by error of law.

Assuming that the evidence was sufficient to warrant a finding that the defendant was negligent, in this situation it is material whether the general finding for the defendant was based by the judge on the erroneous ground that the evidence was insufficient as a matter of law to warrant a finding of negligence on his part or was based by the judge on the ground that, upon the evidence, irrespective of the sufficiency to warrant a finding of negligence, he found as a fact that the defendant was not negligent.

If the finding for the defendant was based by the judge on a finding of fact that the defendant was not negligent, it is immaterial whether or not the evidence was sufficient as a matter of law to warrant a finding that the defendant was negligent.

If the judge finds as a fact that the defendant was not negligent, this special finding of fact, permissible on the evidence, renders immaterial a ruling of law as to the sufficiency of the evidence to warrant a contrary finding and justifies the denial of the request that the evidence warrants a finding for either party. *Per-*

*ry* v. *Hanover,* 314 Mass. 174 at 175 and cases cited.

In the instant cases, the judge found as a fact that ''there was no negligence on the part of the defendant, its agents or servants that caused the explosion''.

We feel that the trial judge was justified in making his finding of no negligence on the part of the defendant and that there was no prejudicial error in denying plaintiff's request Number 3.

The plaintiff in order to recover was required to show by a fair preponderance of the evidence that her injury resulted from a cause for which the defendant was responsible rather than from a cause for which it was not. *Clinton* v. *Revere,* 195 Mass. 151; *Brown* v. *Bangs,* 306 Mass. 551; *Connolly* v. *Boston Elevated Ry.,* 309 Mass. 177; *Howe* v. *Boston,* 311 Mass. at 280.

If on all the evidence it is just as reasonable to suppose that the cause was one for which no liability would attach to the defendant as one for which the defendant is liable, then the plaintiff fails to make out a case. *Bigwood* v. *Boston & Northern St. Ry.,* 209 Mass. 345.

Liability cannot be based on surmise and conjecture. *Mucha* v. *Northeastern Crushed Stone,* 307 Mass. 592, 596, 597.

The plaintiff must show that her injury resulted from a breach of duty that the defendant owed her rather than from a cause for which it could not be held responsible. *Brown* v. *Bangs,* 306 Mass. 551 and cases cited.

The plaintiff is not required to exclude all possibility that her injury resulted from other causes and she sustains her burden of proof by showing that there was a greater likelihood that her injury arose from the negligent act of the defendant rather than from a cause for which the defendant is not liable. *Black* v. *Boston Consolidated Gas Co.*, 325 Mass. 505; *Navien* v. *Cohen*, 268 Mass. 427, 431; *Rocha* v. *Alber*, 302 Mass. 155; *Thomas* v. *Spinney*, 310 Mass. 749, 752.

The burden of proof that is on the plaintiff does not require her to establish her case beyond all doubt or beyond a reasonable doubt. She must prove her case by a preponderance of the evidence. If the evidence tends equally to support two inconsistent propositions as to what happened, then neither can be found to be true. *Smith* v. *First National Bank in Westfield*, 99 Mass. 605; *Sargent* v. *Mass. Accident Ins. Co.*, 307 Mass. 246 and cases cited.

There are many cases in this Commonwealth which involve the escape of gas and of water and of late years the Supreme Court has stated that they see no substantial difference between gas cases and water cases on the question of proof of negligence. *Musolino LoConte Co.* v. *Boston Consolidated Gas Co.*, 330 Mass. 161.

It may well be that generally speaking, escaping gas is more dangerous than escaping water and the degree of care required must be correlated with the danger, but that is a different problem.

The question of whether inference of negligence ought to be drawn from a break in a pipe and escape of its contents is essentially the same whether the contents consist of gas or of water.

If the case discloses evidence beyond the bare facts of a break and escape of gas, a different problem might be presented.

All of our precedents proceed on the ground that negligence must be shown. There is no liability without fault in these cases. *Holly* v. *Custom Gas Light Co.*, 8 Gray 123, 126, 131; *Goldman* v. *Boston*, 274 Mass. 329; *Gerard* v. *Boston*, 299 Mass. 488; *Brian* v. *Sopkin*, 314 Mass. 180.

A gas company is not subject to absolute liability irrespective of its negligence for damage caused by gas escaping from a break in its line.

The doctrine of res ipsa loquitur is not applicable.

The act itself is evidence of negligence when the direct cause of the accident and so much of the surrounding circumstances as was essential to its occurrence were within the sole control and management of the defendant so that it is not unfair to attribute to them a prima facie responsibility for what happened. *Musolino Lo Conte* v. *Boston Con. Gas Co.*, 330 Mass. 161; *Reardon* v. *Boston Elevated Co.*, 247 Mass. 124, 126.

Mere proof of an explosion plus evidence of

a possibility that a burner might have been improperly cleaned, thus causing the explosion, is not enough to warrant a finding of negligence. Findings must rest on more solid foundations. *Friese* v. *Boston Con. Gas Co.,* 324 Mass. 623, 631; *Wardwell* v. *Taylor Co.,* 333 Mass. 302.

The occurrence of an accident standing alone is not always evidence of negligence. When the precise cause is left to conjecture and may be as reasonably attributed to a condition for which no liability attaches as to one for which it does, then a verdict should be directed against the plaintiff. *Wardwell* v. *Taylor Co.,* 333 Mass. 302; *Ryan* v. *Fall River Iron Works,* 200 Mass. 188; *Boyle* v. *Cambridge Gas Light Co.,* 331 Mass. 56, 63; *Gilmore* v. *Kilbourn,* 317 Mass. 358; *Smith* v. *Rapid Transit Co.,* 317 Mass. 469.

The unexplained escape of gas from a fixture is of itself no evidence of negligence. *Morrow* v. *Otis,* 251 Mass. 65.

In the case of *Magnuson* v. *Gottholm,* 261 Mass. 477, where there was an explosion, the court said although it might have been found that the injuries were attributable to an explosion of gas, there was no evidence of a defective gas fixture and the cause of the escape of gas was left to conjecture. Upon the evidence the jury would not have been justified in finding that any negligent act of the defendant had been shown. *Magnuson* v. *Gottholm,* 261 Mass.

477; *Olson* v. *New England Fuel Co.*, 251 Mass. 389; *Morris* v. *Weene,* 258 Mass. 178.

In the case of *Olson* v. *New England Fuel Transp. Co.,* 251 Mass. 389, the court said: "We think the evidence leaves wholly to speculation or conjecture whether the defendant was negligent". "In such a case it is the court's duty to direct a verdict for the defendant. *See cases cited.*

In the instant case, there was no evidence of any definite cause of the explosion other than the striking of a match by one of the plaintiffs after having attempted to light the stove by use of a pilot. The cause of the explosion is a matter of conjecture.

No reason for the pilot being out was offered. A test of the stove, made right after the explosion, indicated that the stove was then in good working condition.

No evidence was offered by the plaintiff Ingersoll Grove to indicate breach of a contract except the mere fact that an explosion had taken place.

Prior to and at the time of the explosion the stove was not under the sole control and management of the defendant.

We feel that in the granting of the first two requests the trial judge indicated a familiarity with the pertinent law in the case.

A judge's general and special findings import a finding of all the subsidiary facts and the drawing of all rational inferences essential to

that conclusion. Such findings must be sustained unless clearly wrong. *Moss* v. *Old Colony Tr. Co.*, 246 Mass. 139 and cases cited; *Hall* v. *Creditors Nat. Clearing House,* 289 Mass. 437. Finding no prejudicial error in the trial below, the **Report is dismissed.**

Louis Kerlinsky of Springfield
　for Plaintiff

Doherty, Wallace, Pillsbury & Murphy
　of Springfield for Defendant